﻿Citation Nr: 18104731
Decision Date: 05/23/18 Archive Date: 05/22/18

DOCKET NO. 13-09 103A
DATE: May 23, 2018
ORDER
Entitlement to an initial rating in excess of 10 percent for tinnitus is denied.
Prior to September 18, 2015, entitlement to an initial rating in excess of 60 percent for bilateral hearing loss is denied.
Since September 18, 2015, a disability rating of 80 percent for bilateral hearing loss is granted. 
FINDINGS OF FACT
1. The Veteran is currently in receipt of a 10 percent disability rating for tinnitus, which is the maximum rating. 
2. Prior to September 18, 2015, the Veteran’s bilateral hearing loss yielded values of Level IX, bilaterally. 
3. Since September 18, 2015, the Veteran’s bilateral hearing loss shows Level XI hearing loss in the right ear, and Level IX hearing loss in the left ear. 
CONCLUSIONS OF LAW
1. The criteria for an initial rating in excess of 10 percent for tinnitus have not been met. 38 U.S.C. §§ 1155, 5107(b) (West 2012); 38 C.F.R. §§ 3.321(b)(1), 4.1, 4.2, 4.7, 4.10, 4.21, 4.87, Diagnostic Code 6260 (2017). 
2. Prior to September 18, 2015, the criteria for an initial rating in excess of 60 percent for bilateral hearing loss have not been met. 38 U.S.C. §§ 1155, 5107 (West 2012); 38 C.F.R. §§ 4.85, Diagnostic Code 6100, 4.85 (2017).
3. Since September 18, 2015, the criteria for a rating of 80 percent, but no higher, for bilateral hearing loss have been met. 38 U.S.C. §§ 1155, 5107 (West 2012); 38 C.F.R. §§ 4.85, Diagnostic Code 6100, 4.85 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty in the military from July 1958 to June 1960 and from October 1961 to August 1962.
Increased Rating
1. Entitlement to an initial rating in excess of 10 percent for tinnitus
The Veteran’s tinnitus is currently rated under 38 C.F.R. § 4.87, Diagnostic Code 6260. Under Diagnostic Code 6260, only a single 10 percent rating is warranted for tinnitus, whether the sound is perceived as being in one ear, both ears, or in the head. 38 C.F.R. § 4.87, Diagnostic Code 6260, Note (2) (2017). This is the maximum schedular rating assignable for tinnitus.
The United States Court of Appeals for the Federal Circuit (Federal Circuit) has affirmed VA’s long-standing interpretation of Diagnostic Code 6260 as authorizing only a single 10 percent rating for tinnitus, whether perceived as unilateral or bilateral. Smith v. Nicholson, 451 F.3d 1344 (Fed. Cir. 2006). The Federal Circuit explained that an agency’s interpretation of its own regulations was entitled to substantial deference by the courts as long as that interpretation was not plainly erroneous or inconsistent with the regulations. Id. at 1349-50.
The Veteran argues that he is entitled to a rating in excess of 10 percent for his tinnitus. He is competent to report the symptoms of his disability. However, Diagnostic Code 6260 precludes an evaluation in excess of a single 10 percent rating for tinnitus. Under these circumstances, the disposition of this claim is based on the law, and not the facts of the case, and the claim for an increased schedular rating must be denied based on a lack of entitlement under the law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).
2. Entitlement to an initial rating in excess of 60 percent for bilateral hearing loss
Disability evaluations are determined by the application of a schedule of ratings, which is based on the average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. 
The Veteran’s entire history is reviewed when making disability evaluations. See generally 38 C.F.R. § 4.1 (2017); Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Where, as here, the question for consideration is the propriety of the initial evaluation assigned, consideration of the medical evidence since the effective date of the award of service connection and consideration of the appropriateness of a staged rating are required. See Fenderson v. West, 12 Vet. App. 119, 126 (1999). 
Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.
Evaluations of bilateral hearing loss range from noncompensable (i.e., 0 percent) to 100 percent based on organic impairment of hearing acuity, as measured by a controlled speech discrimination test (Maryland CNC) and the average hearing threshold, as measured by puretone audiometric tests at the frequencies of 1,000, 2,000, 3,000 and 4,000 Hertz. The rating schedule establishes 11 auditory acuity levels designated from Level I, for essentially normal hearing acuity, through level XI for profound deafness.
Under 38 C.F.R. § 4.85, Table VI (Numeric Designation of Hearing Impairment Based on Puretone Threshold Average and Speech Discrimination) is used to determine a Roman numeral designation (I through XI) for hearing impairment based on a combination of the percent of speech discrimination (horizontal rows) and the puretone threshold average (vertical columns). The Roman numeral designation is located at the point where the percentage of speech discrimination and puretone average intersect. 38 C.F.R. § 4.85(b). The puretone threshold average is the sum of the puretone thresholds at 1,000, 2,000, 3,000 and 4,000 Hertz, divided by 4. This average is used in all cases to determine the Roman numeral designation for hearing impairment. 38 C.F.R. § 4.85(d).
Table VII (Percentage Evaluations for Hearing Impairment) is used to determine the percentage evaluation by combining the Roman numeral designations for hearing impairment of each ear. The horizontal rows represent the ear having the better hearing and the vertical columns the ear having the poor hearing. The percentage evaluation is located at the point where the rows and column intersect. 38 C.F.R. § 4.85(e).
VA regulations also provide that, in cases of exceptional hearing loss, when the puretone thresholds at each of the four specified frequencies (1,000, 2,000, 3,000 and 4,000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or VIa, whichever results in the higher numeral. Each ear will be considered separately. 38 C.F.R. § 4.86(a). 
The provisions of 38 C.F.R. § 4.86(b) further provide that, when the puretone threshold is 30 decibels or less at 1,000 Hertz, and 70 decibels or more at 2,000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or VIa, whichever results in the higher numeral. That numeral will then be elevated to the next higher Roman numeral. Each ear will be considered separately. 
The probative medical evidence of record consists of VA examinations dated in August 2012, September 2015, and October 2016. 
On the authorized audiological evaluation in August 2012, pure tone thresholds, in decibels, were as follows:
 
 HERTZ 
 500 1000 2000 3000 4000
RIGHT 50 60 80 90 100
LEFT CNT CNT CNT CNT CNT
 The examiner noted that the left ear could not be tested (CNT) due to the fact the Veteran has a cochlear implant. The average puretone threshold reading for the right ear was 82.5 decibels. Speech audiometry revealed speech recognition ability of 48 percent in the right ear and of 0 percent in the left ear.
As for any functional effect of his hearing loss on activities of daily living, the Veteran reported he is unable to function at work, home, and cannot hear on the phone. He reported feeling very isolated and debilitating. The Veteran reported that the cochlear implant was not working for him so far. 
Application of these pure tone threshold average levels and speech recognition ability (percentage of discrimination) using Table VI yields values of Level IX hearing for each the right ear and the left ear. Level IX and Level IX correspond to a 60 percent rating pursuant to Table VII.
The Veteran is also entitled to consideration alternatively under the special provisions of § 4.86(a), due to the fact his puretone threshold readings was higher than 55 decibels at each of the 1,000, 2,000, 3,000, and 4,000 Hertz readings for the right ear. Pursuant to Table VIA, using only the puretone threshold average, the Veteran’s right ear warrants a value of Level VII hearing loss for the right ear. Applying that result to Table VII, Level VII and Level IX correspond to only a 50 percent rating. 
On the authorized audiological evaluation in September 2015, pure tone thresholds, in decibels, were as follows:
 
 HERTZ 
 500 1000 2000 3000 4000
RIGHT 60 65 75 85 105+
LEFT CNT CNT CNT CNT CNT

The examiner again noted that the left ear could not be tested (CNT) due to the fact the Veteran has a cochlear implant. The average puretone threshold reading for the right ear was 82.5 decibels. Speech audiometry revealed speech recognition ability of 32 percent in the right ear and of 0 percent in the left ear.
As for any functional effect of his hearing loss on activities of daily living, the Veteran reported difficulty with hearing and maintaining conversations which resulted in frustrations between he and his wife. The examiner also noted the difficulties the Veteran experienced led to social isolation and feelings of embarrassment at having to ask people to repeat themselves. 
Application of these pure tone threshold average levels and speech recognition ability (percentage of discrimination) using Table VI yielded a finding of Level XI in the right ear and Level IX in the left ear. Level XI and Level IX correspond to an 80 percent rating for bilateral hearing loss. 
Using Table VIA, the values found yielded the same findings as those discussed using the values found in the August 2012 examination, warranting only a 50 percent rating. 
In the most recent examination from October 2016, pure tone thresholds, in decibels, were as follows:
 HERTZ 
 500 1000 2000 3000 4000
RIGHT 60 65 75 80 95
LEFT CNT CNT CNT CNT CNT

The examiner again noted that the left ear could not be tested (CNT) due to the fact the Veteran has a cochlear implant. The average puretone threshold reading for the right ear was 79 decibels. Speech audiometry revealed speech recognition ability of 0 percent in each the right and left ears.
As for any functional effect of his hearing loss on activities of daily living, the Veteran reported he is unable to hear conversations or environmental noises. It was also reported the Veteran has walked out in front of cars and he reads lips to get by. 
Application of these pure tone threshold average levels and speech recognition ability (percentage of discrimination) using Table VI yielded the same values as found in by the previous examination in September 2015, warranting an 80 percent rating. 
Using Table VIA, the values found yielded the same findings as those discussed using the values found in the August 2012 and September 2015 VA examinations, warranting only a 50 percent rating. 
Based on the findings of the VA examinations of record, the Board finds that the Veteran is entitled to a rating of 80 percent, effective from September 18, 2015, the earliest date the evidence shows a worsening of the service-connected bilateral hearing loss. The evidence does not show he is entitled to the higher 80 percent rating for the entire period on appeal as the findings of the August 2012 VA examination showed, at worst, Level IX hearing loss, bilaterally. 
Additionally, the Board notes there are VA and private treatment records associated with the claims file that date to November 2016. These treatment records show the Veteran has continued to receive treatment pertaining to his cochlear implant and to his hearing aids. However, the records do not contain any additional audiological evaluations that show the Veteran is entitled to a rating in excess of 60 percent prior to September 18, 2015, or 80 percent thereafter. 
The Board acknowledges the Veteran’s complaints regarding the functional impact of his hearing loss on his daily life, and his complaints that he has difficulty hearing. As noted above, the assignment of the disability rating for hearing impairment is derived from a mechanical formula based on levels of pure tone threshold average and speech discrimination. Furthermore, the Court held that “the rating criteria for hearing loss contemplate the functional effects of decreased hearing and difficulty understanding speech in an everyday work environment”—which “are precisely the effects that VA’s audiometric tests are designed to measure’’— and that “when a claimant’s hearing loss results in an inability to hear or understand speech or to hear other sounds in various contexts, those effects are contemplated by the schedular rating criteria.” See Doucette v. Shulkin, 28 Vet. App. 366, 369 (2017). The Board finds that the VA examinations are the most probative evidence regarding the severity of the Veteran’s bilaterally hearing loss disability. The VA examinations were performed by state-licensed audiologists, and included the controlled speech discrimination test using the Maryland CNC test. 
The Board does not discount the difficulties the Veteran has with his auditory acuity. However, the Board must base its determination on the basis of the results of the audiology studies of record. Lendenmann v. Principi, 3 Vet. App. 345, 349(1992). 
Accordingly, the Board finds the Veteran is entitled to the higher 80 percent rating from September 18, 2015, but not earlier. 

 
YVETTE R. WHITE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Department of Veterans Affairs