Chris SABONIS, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–1123.

United States Court of Veterans Appeals.

April 28, 1994.

As Amended June 6, 1994.

Michael P. Horan, Washington, DC, and William S. Mailander were on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Richard Mayerick, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

FARLEY, Judge:

In this appeal, appellant Chris Sabonis seeks relief from the VA's recoupment of the gross amount of her readjustment pay, paid to her at her separation from service. On May 13, 1992, the Board of Veterans' Appeals (BVA or Board) found appellant's claim not to be well grounded, and thus denied the relief sought. *See Chris Sabonis,* BVA 92–11682 (May 13, 1992). The Court will affirm the decision of the Board.

## I.

Appellant served in the United States Army for more than twelve years. R. at 14. At her separation from service on August 8, 1988, she received readjustment pay in the amount of $30,000. R. at 11. At that time, she also filed a Veteran's Application for Compensation or Pension at Separation from Service for various disabilities. *See* R. at 12–13. In a December 21, 1988, rating decision, appellant was granted service connection for her disabilities, then rated as 20% disabling. R. at 15–17. When notifying appellant of her disability compensation, the VA in addition informed her that "this award is subject to recoupment of $22500.00 which represents 75% of the readjustment pay received from the service department. When this amount is recovered, full compensation will be paid." R. at 18. Appellant thereafter filed a Notice of Disagreement (NOD) dated May 3, 1989, challenging the VA's recoupment of her readjustment pay with her VA disability benefits. R. at 25. As the bases for her disagreement, appellant contended in essence (1) that her readjustment pay eased her transition from military to civilian life and as such bore no relation to her subsequent grant of disability compensation, and (2) that she had paid more than $7,100 in federal income tax on her readjustment pay, and thus recouping her readjustment pay with tax-free disability payments was inequitable. *See* R. at 25, 31–32. (Appellant also appealed her disability rating which the BVA raised to 30% in a separate decision. *See* R. at 43–45.)

On May 9, 1990, the BVA denied appellant's appeal related to recoupment. In its recitation of the applicable law, the Board referred to 38 C.F.R. § 3.700(a)(2)(iii) and stated that "a veteran who has received a lump-sum readjustment payment may receive disability compensation ... *subject to recoupment of the total amount of the readjustment payment.*" *See* R. at 38 (emphasis added). The BVA took note of appel-

lant's arguments that such recoupment was discriminatory and inequitable, but held that "recoupment is required by law and must be made." *Id.* at 39. Accompanying the BVA decision was a notice of appellate rights which informed appellant of her right to appeal the BVA decision to this Court, a path which appellant chose not to follow. Instead, appellant sent the VA letters on June 19, 1990, and November 3, 1990, expressing her dissatisfaction with the determination and requesting to "continue my appeal ... in Wash[ington] D.C. not locally." R. at 41–42, 48.

In January 1991, the VA informed appellant by letter that although her disability compensation "was originally established to recoup 75% of [the] readjustment pay," the actual amount of recoupment must be the total gross readjustment pay, or $30,000. R. at 50. Thereafter, on January 28, 1991, appellant requested a personal hearing, which was held on March 8, 1991, before a VA Hearing Officer. R. at 56–58. The sum and substance of appellant's argument at the hearing, which appears to have lasted for ten minutes (R. at 58), was that "I totally disagree with the interpretation of what the law says. It's obviously not being read correctly...." R. at 57. As the Hearing Officer noted in his decision, appellant "had relatively little to say." R. at 59. In affirming the previous decisions "to recoup 100% of Ms. Sabonis' readjustment pay," the Hearing Officer stated:

> In the absence of clear and unmistakable error in the recoupment of 100% readjustment benefits and in the absence of new and material evidence, there [are] no criteria for a Hearing Officer reversal in the previous authorization to recoup 100% of her readjustment pay.

R. at 60. By letter dated April 4, 1991, appellant was advised of the Hearing Officer's decision. R. at 61–62. On May 5, 1991, appellant filed an NOD.R. at 64.

In its decision of May 13, 1992, the Board found as fact that "[l]aws regarding payment of service readjustment pay and VA disability compensation require the VA to recoup the gross amount of readjustment pay from VA disability compensation." *Sabonis,* BVA 92–11682, at 3. Further, the BVA found that appellant's claim was not well grounded because "the law will not permit a favorable determination under the undisputed facts of this case." *Id.* at 3–4. In addition to making specific reference to 38 C.F.R. § 3.700(a)(2)(iii), as it had in its 1990 decision, the Board referred to 10 U.S.C. § 1174, which provides in pertinent part that

> A member who has received separation pay under this section, or severance pay or readjustment pay under any other provision of law, based on service in the armed forces shall not be deprived, by reason of his receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which he is entitled under the laws administered by the Department of Veterans Affairs, but there shall be deducted from that disability compensation an amount equal to the *total amount of separation pay, severance pay, and readjustment pay received.*

10 U.S.C.A. § 1174(h)(2) (West Supp.1993) (emphasis added); *see also* 38 C.F.R. § 3.700(a)(2)(iii) (1993). In interpreting § 1174, the BVA relied on an analogous precedential opinion of the VA General Counsel who determined, for purposes of disability severance pay, that the *entire* amount of disability severance pay paid at the time of separation must be recouped from any VA disability compensation. *See Sabonis,* BVA 92–11682, at 4. In particular, the BVA noted that

> Fractional recovery by VA from monthly disability compensation payments of an amount equal to 75 percent of the lump-sum readjustment pay received under former 10 U.S.C. § 687 was [previously] authorized, "in order to take into account the tax paid on the original payment and to avoid recoupment of an amount in excess of the net received as readjustment pay." The expressed statutory authority in former 10 U.S.C. § 687 to recoup an amount of VA disability compensation equal to 75 percent of the lump-sum readjustment payment is implemented in 38 C.F.R. § 3.700(a)(2).... 10 U.S.C. § 687 was repealed in 1980 by Pub.L. No. 96–513 § 109(a), 94 Stat. 2870 and was replaced by

10 U.S.C. § 1174 which does not provide statutory authority for VA to recoup an amount of VA disability compensation equal to a fractional amount of lump-sum readjustment payment.

*Sabonis*, BVA 92–11682, at 4–5 (quoting O.G.C.Prec.Op. 67–91 (Aug. 30, 1991), at 2–3 & n. 2) (citations omitted).

## II.

■ At the onset, the Court will address appellant's motion to strike the Secretary's reliance on a VA General Counsel opinion, O.G.C.Prec.Op. 14–92 (June 22, 1992), which postdates the Board decision here on appeal. In his brief, the Secretary cited O.G.C.Prec. Op. 14–92 for the proposition that "disability compensation should be offset to recoup the amount of special separation benefits [under 38 U.S.C. § 1174a] received by a former member of the armed forces." O.G.C.Prec. Op. 14–92; Secretary's Br. at 8, appendix 3. In reply, appellant argues that since the O.G.C. opinion in question postdated the Board decision, it is improper for the Secretary to rely on it since it was "not considered by the Board and is, therefore, not relevant to the Board's decision making process." Appellant's Reply Br. at 5. By statute, the Board is bound to follow the precedent opinions of the VA General Counsel. *See* 38 U.S.C. § 7104(c). The Court is not so bound. *See* 38 U.S.C. § 7261. Thus, the Court may disregard the O.G.C. opinion, but the Board must follow the opinion in the future. Although the Court is precluded by statute from considering any material which was not contained in the "record of proceedings before the Secretary and the Board," this applies to facts before the Board, and not conclusions of law. 38 U.S.C. § 7252(b); *see also Hayes v. Brown*, 5 Vet.App. 60, 67 (1993) (relying on an O.G.C. opinion which postdated the Board decision there on appeal); *Rogozinski v. Derwinski*, 1 Vet.App. 19, 20 (1990) (review in the Court shall be on the record of proceedings before the Secretary and the Board). Therefore, the appellant's motion to strike is denied.

## III.

■ Appellant's claim for relief from the recoupment of her readjustment pay was denied in a May 9, 1990, BVA decision, which became final when appellant elected not to seek judicial review in this Court. *See* 38 U.S.C. § 7104(b) (regarding finality of BVA decisions); 38 U.S.C. § 7266(a) (providing a notice of appeal must be filed with this Court within 120 days of the BVA decision being appealed). Pursuant to 38 U.S.C. § 5108, a finally denied claim shall be reopened and reconsidered only upon the submission of "new and material evidence." *See McGinnis v. Brown*, 4 Vet.App. 239, 243–45 (1993). Although appellant continued to express her view that the final May 9, 1990, BVA decision was wrongly decided, the record reflects that appellant has submitted no evidence, and certainly no new and material evidence, since the 1990 final denial. Therefore, there was no basis upon which her claim could have been reopened under 38 U.S.C. § 5108.

## IV.

■ Arguably, the RO's January 1991 letter informing appellant that the entire amount of her readjustment pay of $30,000 would have to be recouped, rather than the 75% as she was originally advised, constituted a new and distinct adjudication. Following a personal hearing, appellant filed a timely NOD. R. at 64. In rejecting appellant's claim, the BVA concluded that she had failed to submit a well grounded claim because "the law as written by Congress and implemented by VA regulation has been correctly applied to the veteran's case." *Sabonis*, BVA 92–11682, at 5.

■ In *Gardner v. Derwinski*, 1 Vet.App. 584 (1991), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed.Cir.1993), this Court held that the plain language of a statute "must be given effect unless a 'literal application of [it] will produce a result demonstrably at odds with the intention of the drafters.'" *Gardner*, 1 Vet.App. at 586–87 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). Only where a statute's plain meaning leads to an absurd result that Congress clearly never could have intended is this "plain meaning rule" abandoned for a review of the applicable legislative history and statutory construc-

tion. *See Gardner,* 1 Vet.App. at 587–88. The meaning of 10 U.S.C. § 1174 is unambiguous: "[T]here shall be deducted from that disability compensation an amount equal to the total amount of ... readjustment pay received." There is simply no authority in law which would permit the VA to grant appellant's requests for relief from total recoupment of her readjustment pay. Therefore, we agree with the BVA that the law has been correctly applied.

In so doing, however, we take this opportunity to note our disagreement with the BVA's conclusion that the claim was "not well grounded." The term "well-grounded," which is often the subject of general application to both evidence and law in other judicial and administrative decisions, has a unique statutory origin and context in the law of veterans' benefits. In 38 U.S.C. § 5107(a), the use of the term is confined to an evidentiary context: a claimant "shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." Following the statute, this Court has for the most part limited use of the phrase in its decisions to the character of the evidence presented by a claimant. *See, e.g., King v. Brown,* 5 Vet.App. 19, 21 (1993); *Tirpak v. Derwinski,* 2 Vet.App. 609, 610–11 (1992). To avoid confusion, in a case such as this one, where the law and not the evidence is dispositive, the claim should be denied or the appeal to the BVA terminated because of the absence of legal merit or the lack of entitlement under the law. *Cf.* FED.R.CIV.P. 12(b)(6) ("failure to state a claim upon which relief can be granted"). In view of the statutory origin of the phrase well grounded, it would be legally imprecise, if not incorrect, to apply that phrase and our jurisprudence surrounding it in such a case.

### V.

■ Appellant also urges this Court to remand this matter because the BVA failed to adjudicate a claim of clear and unmistakable error (CUE). *See* Appellant's Br. at 14–15; *see also* 38 C.F.R. § 3.105(a) (1993). We decline appellant's invitation for two reasons. First, while it is true that the Board did not

adjudicate the issue of CUE in its May 13, 1992, decision, it is equally true that appellant failed to raise the issue of CUE with the type of specificity required. Affording appellant's VA Form 1–9 the most liberal of readings, it cannot be said that a claim of CUE under 38 C.F.R. § 3.105 was "reasonably raised." *See Fugo v. Brown,* 6 Vet.App. 40, 45 (1993) (when CUE was not reasonably raised, there is "no requirement that the BVA address the issue"); *see also Sondel v. Brown,* 6 Vet.App. 218, 220 (1994). Second, as noted above, the Court has agreed with the BVA that the law was correctly applied to appellant's claim; we therefore find no basis for a remand which would only "result in this Court's unnecessarily imposing additional burdens on the BVA and the [ ]VA with no benefit flowing to the veteran." *See Soyini v. Derwinski,* 1 Vet.App. 540, 546 (1991).

### VI.

For the foregoing reasons, the May 13, 1992, decision of the Board of Veterans' Appeals is **AFFIRMED.**