56 F.3d 79
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Chris SABONIS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7096.
 United States Court of Appeals, Federal Circuit.
 March 10, 1995.
 
 Before MAYER, CLEVENGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Chris Sabonis appeals the May 23, 1994 judgment of the United States Court of Veterans Appeals affirming the May 13, 1992 decision of the Board of Veterans' Appeals holding that 10 U.S.C. Sec. 1174(h)(2) (Supp. V 1993) required the Department of Veterans Affairs to deduct from her disability benefits the full amount of readjustment pay received from the U.S. Army upon her separation from service. Sabonis v. Brown, 6 Vet. App. 426 (1994). We dismiss for lack of jurisdiction.
 
 
 2
 Before 1980, the law provided that disability benefits of the type Ms. Sabonis obtained were subject to a deduction equal to 75 percent of the amount of readjustment pay received. The law, however, changed with the enactment of the Defense Officer Personnel Management Act, Pub. L. No. 96-513, Sec. 109(a), 94 Stat. 2835, 2870 (1980). The law now provides that such disability benefits are subject to a deduction equal to 100 percent of readjustment pay. 10 U.S.C. Sec. 1174(h)(2); 38 C.F.R. Sec. 3.700(a)(2) (1994). Among other things, Ms. Sabonis argues that this statute should not be applied to her because a portion of her readjustment pay already has been paid to the Government in the form of income taxes.
 
 
 3
 Congress has restricted this court's authority to review judgments of the Court of Veterans Appeals to challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Affairs relied on in its decision. 38 U.S.C. Sec. 7292(d) (Supp. V 1993). Because Ms. Sabonis does not argue that Sec. 1174(h)(2) or Sec. 3.700(a)(2) is invalid or that the Court of Veterans Appeals somehow misinterpreted the applicable law, we are without jurisdiction to hear her appeal. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 4
 As for Ms. Sabonis' alternative request that the Internal Revenue Service be required to refund the taxes previously paid with respect to her readjustment pay, we merely note that such consideration is beyond the jurisdiction of this court. We thus express no opinion upon the matter.