Citation Nr: 1749204 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 13-35 858 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Eligibility to the Veterans Retraining Assistance Program (VRAP) while training at less than full time from January 28, 2013, through May 24, 2013.


ATTORNEY FOR THE BOARD

N. Rippel, Counsel


INTRODUCTION

The Veteran had active service from August 1983 to March 1989.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a March 2013 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York. The RO in New York, New York currently has jurisdiction over the matter. The appeal was remanded to the Agency of Original Jurisdiction (AOJ) in September 2016 to reschedule a hearing in compliance with the Veteran's request in his December 2013 substantive appeal for a Board hearing to be held at the RO via videoconference. It was noted by the Board in September 2016 that the Veteran had failed to report for a Board hearing scheduled for August 2016, but good cause for his failure to appear had been shown. Specifically, the RO Board noted that the letter to schedule his hearing was sent to an "outdated address and was returned as undeliverable." Upon remand, the AOJ sent the Veteran a letter in October 2016 telling him he was to be scheduled for a videoconference. In September 2017, AOJ personnel attempted to contact the Veteran regarding the hearing. Direct contact information was provided for the Veteran, but he did not respond. The case has been returned to the Board. The Board finds that the AOJ has taken sufficient steps to contact the Veteran so that the hearing can take place. The Veteran has not been cooperative in this regard, and has not communicated with VA his desire to have a Board hearing. The Board considers the hearing request withdrawn. 


FINDINGS OF FACT

1. In June 2012, the Veteran was notified by VA that he was eligible to receive VRAP benefits for a full-time program of education or training.

2. From January 28, 2013, through May 24, 2013, the Veteran was taking classes totalling 10 credits at New York City College of Technology and his enrollment at that time was not considered to be full-time as defined by VA.


CONCLUSION OF LAW

The criteria for the award of VA educational assistance benefits under the Veteran's Retraining Assistance Program for courses from January 28, 2013, through May 24, 2013, have not been met. VOW to Hire Heroes Act of 2011, Pub. L. No. 112-56, 125 Stat. 713, § 211 (Nov. 21, 2011).


REASONS AND BASES FOR FINDING AND CONCLUSION

Because this case involves a legal question rather than a factual determination, the Veterans Claims Assistance Act (VCAA) is not applicable to this appeal. See Manning v. Principi, 16 Vet. App. 534, 542-543 (2002). In fact, the applicable notification and assistance procedures for educational assistance claims under 38 C.F.R. § 21.1031 (b) and § 21.1032(d) emphasize that VA has no further duty to notify or assist the claimant when the undisputed facts render the claimant ineligible for the claimed benefit under the law, as will be discussed below. Therefore, the Board finds that no further action is necessary under the statutory and regulatory duties to notify and assist.

The VRAP was a component of the VOW to Hire Heroes Act of 2011. Pub. L. 112-56, §§ 201-65 (Nov. 21, 2011). In relevant part, Congress established the program to provide assistance to eligible veterans from October 1, 2012, to March 31, 2014. 

Participants must attend an educational program full-time in order to receive up to 12 months of assistance equal to the monthly full-time payment rate under the Montgomery GI Bill-Active Duty program. Participants will not receive benefits for any time period during which the training drops below full-time. Participants must be enrolled in a VA approved program of education offered by a community college or technical school. The program must lead to an associate degree, non-college degree, or a certificate, and train the Veteran for a high demand occupation. VRAP § 211(b). 

VRAP offered up to 12 months of training assistance to unemployed Veterans who met the following eligibility criteria: were at least 35 but no more than 60 years old, at the time of application; were unemployed on the date of application; received an other than dishonorable discharge; were not eligible for any other VA education benefit program (e.g., the Post-9/11 GI Bill, Montgomery GI Bill, Vocational Rehabilitation and Employment Assistance (VREA); were not in receipt of VA compensation due to unemployability; and were not enrolled in a federal or state job training program.

Participants must have attended a program of education on a full-time basis in order to receive up to 12 months of assistance equal to the monthly full-time payment rate under the Montgomery GI Bill-Active Duty program ($1,564 effective October 1, 2012 and $1,648 effective October 1, 2013). Participants did not receive benefits for any time period during which the training dropped below full-time status. Participants must have been enrolled in a VA-approved program of education offered by a community college or technical school. The program must have led to an Associate Degree, Non-College Degree, or a Certificate, and trained the Veteran for a high-demand occupation.

Full-time enrollment in a collegiate undergraduate course is defined as 14 semester hours or equivalent. See 38 C.F.R. § 21.4270 (2016). In this case, New York City College of Technology defines full-time undergraduate enrollment as 12 credits. 

In June 2012, the Veteran was awarded VRAP benefits. The VA notified the Veteran he had until April 1, 2014, to use his benefits under the program. This letter further informed the Veteran that VRAP benefits could only be paid for full-time enrollment, and he had 12 months of benefits remaining. See June 28, 2012, letter from Buffalo RO to the Veteran. 

The Veteran enrolled at New York City College of Technology to pursue a course of study in computer systems. He was awarded VARP benefits for his schooling at New York City College of Technology for the period from August 27, 2012, through December 12, 2012, in which he was carrying 14 credits. 

In a March 2013 letter, the Veteran was informed that VRAP benefits could not be paid for his schooling for the period from January 28, 2013, through May 24, 2013, because he was not enrolled full time. New York City College of Technology verified, and the Veteran does not dispute, that for the period from January 28, 2013, through May 24, 2013, he was carrying 10 credits. 

In his substantive appeal, the Veteran called attention to 38 U.S.C.A. § 3015(a)(2) that governed the payments of educational benefits under Chapter 30, All Volunteer Force Educational Assistance Program (Montgomery GI Bill), contending that this statute governed VRAP and made provisions for part-time attendance. However, this Chapter does not govern the VRAP program. VRAP refers to this Chapter section only for the amount of payments, not that part time attendance under VRAP is permitted. 

Although the Veteran maintains that he should be paid VRAP benefits for the period in which he was taking 10 credits, the VRAP benefits program required that he be enrolled full time. There is no argument that he was enrolled full time from January 28, 2013, through May 24, 2013. VRAP participants must have enrolled in a VA-approved program of education offered by a community college or technical school, and the program must have been a full-time program. There is no basis in law or fact whereby the Veteran may be granted VRAP benefits for just part-time enrollment. The law in this case, therefore, and not the evidence, is dispositive of the appeal. Sabonis v. Brown, 6 Vet. App. 426 (1994). 

The Board is bound by the law and is without authority to grant benefits on the basis of equity. 38 U.S.C.A. §§ 503, 7104 (West 2014); Harvey v. Brown, 6 Vet. App. 416 (1994). Accordingly, the claim for VRAP benefits for courses taken January 28, 2013, through May 24, 2013, must be denied. 


ORDER

Entitlement to VRAP benefits for courses taken from January 28, 2013, through May 24, 2013, is denied.




____________________________________________
J. W. FRANCIS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs