Citation Nr: 1829809 
Decision Date: 08/16/18 Archive Date: 08/30/18

DOCKET NO. 15-08 051 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office (RO) and Insurance Center 
in St. Paul, Minnesota

THE ISSUE

Entitlement to nonservice-connected burial benefits.

ATTORNEY FOR THE BOARD

Michael Sanford, Counsel


INTRODUCTION

The Veteran served on active duty from September 1940 to December 1945. He died in May 2011. The appellant is the trustee of the Veteran's family trust.

This appeal to the Board of Veterans' Appeals (Board) arose from a July 2014 decision in which the RO in St. Paul, Minnesota denied entitlement to burial benefits. The appellant filed a notice of disagreement (NOD) in November 2014. The RO issued a statement of the case (SOC) in January 2015 and the appellant filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in March 2015. A supplemental SOC (SSOC) was issued in May 2015.

On June 14, 2018, the Board denied the claim of entitlement to nonservice-connected burial benefits.

In July 2018, the appellant submitted a motion for reconsideration of the June 14, 2018, Board decision. However, as explained below, the Board is vacating that decision, and the motion for reconsideration is now moot.

Lastly, as explained in the June 2018 Board decision, in April 2018, the appellant was initially scheduled for a video-conference hearing before a Veterans Law Judge in t the RO in Oakland, California. He did not attend that hearing. In an April 2018 submission, the appellant stated that he was traveling at the time of the hearing and would be unable to attend any hearing scheduled at the Oakland RO due to traffic. The appellant explained that the Board could attempt to schedule him for another hearing at a medical facility, if possible, or decide the appeal in lieu of a hearing. 

In this case, however, as explained in more detail below, the appellant's testimony would not change the outcome of the claim because the law, not the facts, is dispositive. 


FINDINGS OF FACT

1. In a June 14, 2018 decision, the Board denied the claim of entitlement to nonservice-connected burial benefits as not timely filed; however, it was subsequently clarified the appellant's claim for nonservice-connected burial benefits was timely received.

2. In May 2011, the Veteran died at a private rehab facility and was buried later that month. 
3. The Veteran was not receiving any VA compensation or pension benefits at the time of his death.
4. There was no original or reopened claim for VA compensation or pension benefits pending at the time of the Veteran's death.
5. The Veteran was not discharged from service due to a disability incurred or aggravated in the line of duty.
6. The Veteran's body was not unclaimed, and the appellant paid expenses related to the Veteran's burial. 
 7. The Veteran did not die while admitted to a VA facility for hospital, nursing home, or domiciliary care, or while admitted or traveling to a non-VA facility at VA expense for the purpose of examination, treatment, or care.


CONCLUSIONS OF LAW

1. The criteria for vacating the Board decision issued on June 14, 2018 are met. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.904.

2. The criteria for payment of nonservice-connected burial benefits are not met. 38 U.S.C. §§ 2302, 2303; 38 C.F.R. §§ 3.1600-3.1610 (as in effect prior to July 7, 2014); 38 C.F.R. §§ 3.1700-3.1713.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Vacatur

The Board of Veterans' Appeals (Board) may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law or when benefits were allowed based on false or fraudulent evidence. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.904. 

In a June 14, 2018, the Board denied nonservice-connected burial benefits on the basis that the appellant's claim for nonservice-connected burial benefits was not filed within two years of the Veteran's burial. See 38 U.S.C. § 2304; 38 C.F.R. § 3.1601(a) (now 38 C.F.R. § 3.1703(a)). In the appellant's July 2018 motion for reconsideration, the appellant explained that he filed a claim for dependency and indemnity compensation (DIC) within two years of the appellant's burial, the intent of which was to claim entitlement to burial benefits. 

Further review of the record reveals that following the Veteran's death on May 4, 2011, the appellant filed an incomplete application for death benefits on April 17, 2013. A year later, on April 14, 2014, the RO informed appellant that he would need to complete and return VA Form 21-530 to formalize his claim and that, if the form was returned within one-year from the notice letter, the beginning date would be based on the date the "informal claim" was received. Appellant filed his formal application for burial benefits on June 16, 2014. Based on these facts, it appears that the appellant's application was filed within the requite-time period. 

Because the Board's June 14, 2018 decision denied the appellant due process of law, the decision should be vacated on this ground, and the Board will enter a new decision addressing the claim on appeal, on the merits. 

II. Nonservice-Connected Burial Benefits

The appellant asserts entitlement to nonservice-connected burial benefits.

Effective July 7, 2014, VA amended its regulations governing entitlement to monetary burial benefits, which included burial allowances for service-connected and non-service-connected deaths, a plot or interment allowance, and reimbursement of transportation expenses. Specifically, VA removed the existing regulations (38 C.F.R. §§ 3.1600 through 3.1612) and replaced them with new regulations renumbered as 38 C.F.R. §§ 3.1700 through 3.1713. See 79 Fed. Reg. 32,653-32,662 (June 6, 2014) (codified at 38 C.F.R. §§ 3.1700 through 3.1713). The final rule is applicable to claims for burial benefits pending on or after July 7, 2014. (The appellant's claim for burial benefits has been pending since April 2013, i.e., prior to the effective date of the rule change on July 7, 2014). Generally, when a regulation changes during the pendency of a claim, VA may consider both the new and old provisions, with due consideration to the effective date of the changes, and apply the most favorable criteria (subject to effective date rules). However, the provisions potentially applicable to the facts of this case have undergone no substantive changes. Both versions are equally favorable. The Board will principally cite the old regulations, in effect at the time the appellant's claim was filed in April 2013.

It is noted, at the outset, that claims for a burial allowance may be advanced only by "[t]he individual whose personal funds were used to pay burial, funeral, and transportation expenses." 38 C.F.R. § 3.1601(a)(1) (now at 38 C.F.R. § 3.1702(b)(3)). 

Here, the Veteran died in May 2011 and the appellant filed his claim for burial benefits in April 2013. In the June 2014 application for burial benefits, the appellant stated that he was not claiming that the Veteran's death was related to service. Accordingly, the Board will only consider whether nonservice-connected burial benefits are warranted.

Where a veteran's death is not service-connected, a burial allowance to cover the burial and funeral expenses, as well as the expense of transporting the body to the place of burial may be payable, but only under certain circumstances. 38 U.S.C. § 2302(a); 38 C.F.R. § 3.1600(b) (now 38 C.F.R. § 3.1705).

Specifically, if the cause of a veteran's death is not service-connected, entitlement is based upon the following conditions: at the time of death, the veteran was in receipt of pension or compensation (or but for the receipt of military retirement pay would have been in receipt of compensation); or, the veteran had an original claim for either benefit pending at the time of her death for which there was evidence available on the date of death to support the award for compensation or pension or, in the case of a reopened claim, there was sufficient prima facie evidence of record on the date of death to show entitlement; or, the deceased was a veteran of any war or was discharged or released from active military, naval, or air service for a disability incurred or aggravated in line of duty, and there is no next of kin and the veteran's estate funds are insufficient to cover expenses. See 38 U.S.C. § 2302(a); 38 C.F.R. § 3.1600(b) (now 38 C.F.R. §§ 3.1705(b), (e); 3.1708(b), (c)). 

Alternatively, a burial allowance may be paid if a veteran died from nonservice-connected causes while properly admitted to a VA facility for hospital, nursing home, or domiciliary care; or while admitted or traveling to a non-VA facility with prior authorization and at VA expense for the purpose of examination, treatment, or care. See 38 U.S.C. § 2303(a); 38 C.F.R. §§ 3.1600(c), 3.1605 (now 38 C.F.R. § 3.1706(b), (d)). 

An application for nonservice-connected burial and funeral expenses must be filed within two years after the burial or cremation of the veteran's body. 38 U.S.C. § 2304; 38 C.F.R. § 3.1601(a) (now 38 C.F.R. § 3.1703(a)). This time limit also applies to claims for a plot or interment allowance under 38 C.F.R. § 3.1600(f). The two-year time limit does not apply to claims for service-connected burial allowance, or for the cost of transporting a veteran's body to the place of burial when the veteran dies while properly hospitalized by VA, or for burial in a national cemetery. 38 C.F.R. § 3.1601(a) (now 38 C.F.R. § 3.1703(a)).
Here, as explained above, given the facts of this case, the appellant's claim for burial benefits is deemed filed within two years of the Veteran's burial.

However, the Veteran is not shown by the record to have been receiving any VA compensation or pension benefits at the time of his death. Further, the evidence does not reflect that there was an original or reopened claim for either benefit pending at the time of his death, nor does the appellant claim that any such claim was pending. Additionally, the Veteran is not shown to have been discharged or released from active service for a disability incurred or aggravated in the line of duty nor was his body held by a State. Further, it is uncontroverted that the Veteran died at a private rehab facility.

The Board acknowledges the appellant's argument that the Veteran was service-connected for malaria at the time of his death. See July 2018 Motion for Reconsideration. The Veteran was awarded service connection for malaria and an initial 10 percent rating was assigned, effective December 19, 1945. However, in a May 1948 rating decision, the rating for malaria was reduced to 0 percent (or noncompensable), effective July 19, 1948. The Veteran did not disagree with that reduction and at the time of his death was not receiving VA compensation. As such, the Veteran was not receiving VA compensation at the time of his death.

Thus, the criteria for nonservice-connected burial benefits are not met.

The Board is sympathetic to the fact that the appellant incurred costs related to the Veteran's funeral and burial, and acknowledges that the Veteran had honorable service. However, the legal authority pertaining to burial benefits is prescribed by Congress and implemented via regulations enacted by VA, and neither the agency of original jurisdiction nor the Board is free to disregard laws and regulations enacted for the administration of VA programs. See 38 U.S.C. § 7104(c); 38 C.F.R. § 20.101(a). In other words, the Board is bound by the governing legal authority, and is without authority to grant benefits on an equitable basis. As, on these facts, there is no legal basis to award burial benefits, the appellant's claim must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).


ORDER

The June 14, 2018 Board decision is vacated.

The claim of entitlement to nonservice-connected burial benefits is denied.




 ____________________________________________
 JACQUELINE E. MONROE
 Veterans Law Judge, Board of Veterans' Appeals