﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/19 Archive Date: 02/25/19

DOCKET NO. 181106-1207
DATE: February 26, 2019

ORDER

An effective date prior to May 18, 2017, for the award of Dependents’ Educational Assistance (DEA) under 38 U.S.C. Chapter 35 is denied.

FINDINGS OF FACT

1. The Veteran served on active duty in the United States Marine Corps from January 1962 to January 1970.

2. In October 2018, the Veteran was granted DEA benefits effective May 18, 2017, upon the finding that he was found permanently and totally disabled from that date; there is no evidence that the Veteran ever sought such benefits, had permanent total service-connected disability, or was otherwise eligible for DEA benefits prior to such date.

CONCLUSION OF LAW

The criteria for an effective date prior to May 18, 2017, for the award of DEA benefits have not been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.340, 3.341, 3.400, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

Of note, a January 2017 Board decision referred a claim for service connection for a lower back disorder for adjudication by the Agency of Original Jurisdiction (AOJ). The claim was misidentified at that time, and the referred issue should have been construed as a claim to reopen service connection for a lower back disorder based on new and material evidence, stemming from a prior and final December 2011 rating decision. 

An August 2017 rating decision codesheet instructs that the Veteran be informed of the following: “The rating board is unable to address your [lower back claim] since you have an active appeal on those conditions.” Review of the record indicates that this instruction was incorrect, and the issue should have been adjudicated as per the Board’s January 2017 referral. 

In light of the AOJ’s inaction, the Board cannot adjudicate the matter at this time. Rather, the Veteran may resubmit the claim to the AOJ or notify the AOJ that the issue is still pending.

As to the current appeal, the Veteran was awarded DEA benefits as part of an October 2018 rating decision. He submitted a timely Notice of Disagreement (NOD) with respect to this entire rating decision in November 2018. However, a subsequent February 2019 Board decision did not address entitlement to an earlier effective date for the award of DEA benefits. To correct this oversight, the Board will assess this matter herein. 

Earlier Effective Date

As noted above, the Veteran is pursuing an earlier effective date than May 18, 2017, for the award of DEA benefits. 

Eligibility to DEA benefits under Chapter 35 are as follows: (1) The veteran was discharged from service under conditions other than dishonorable, or died in service; and (2) the veteran has a permanent total service-connected disability; or (3) a permanent total service-connected disability was in existence at the date of the veteran’s death; or (4) the veteran died as a result of a service-connected disability. 38 U.S.C. § 3510; 38 C.F.R. § 3.807(a).

In October 2018, the Veteran was granted eligibility to DEA benefits from May 18, 2017, based on a finding that he had a total service-connected disability, permanent in nature, effective that date. As this effective date was directly predicated on a finding that the Veteran had permanent and total disability due to service-connected disabilities, it is the earliest possible date he could have established eligibility for DEA benefits on that basis.

Thus, the remaining question for consideration is whether there is another basis by which such eligibility could be established prior to May 18, 2017. As the Veteran is still alive, the regulations relating to service-connected death or existence of a permanent total service-connected disability at death do not apply. The only remaining basis for eligibility requires, as a threshold matter, current active duty, which does not apply to this Veteran. 

Consequently, there is no other basis upon which any eligibility for DEA benefits could be established in this case, much less eligibility warranting an effective date prior to May 18, 2017. Therefore, this is the earliest possible effective date for an award of DEA benefits, and the appeal must be denied as a matter of law. Sabonis v. Brown, 6 Vet. App. 426 (1994). 

In the event that the Veteran is later found to have had a permanent total service-connected disability prior to May 18, 2017, the effective date for his award of DEA benefits will be altered to reflect this change. 

Of final note, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K. Kovarovic, Associate Counsel