﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 200113-63837
DATE: April 30, 2020

ORDER

Entitlement to additional reimbursement for the cost of transportation expenses for burial in a national cemetery is denied. 

FINDINGS OF FACT

1. The Veteran died in November 2018.

2. At the time of his death the Veteran was in receipt of VA compensation benefits. The Veteran’s death was not due to a service-connected disability.

3. The Veteran was buried at Florida National Cemetery.

4. Burial benefits for reimbursement of transportation expenses in the amount of $285 were awarded to the appellant, which is the maximum reimbursement allowable. 

CONCLUSION OF LAW

1. The criteria for additional reimbursement of transportation expenses for burial in a national cemetery are not met. 38 U.S.C. §§ 2302, 2303 (2012); 38 C.F.R. §§ 3.1700, 3.1704, 3.1705, 3.1706, 3.1707, 3.1708, 3.1709 (2019)

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the U.S. Army from February 1943 to January 1946. The Veteran died in November 2018. The appellant is the son the Veteran. 

In May 2019 correspondence the appellant was notified by the agency of original jurisdiction (AOJ) of the award of $300 for non-service connected burial allowance. Then in November 2019 the appellant submitted a Decision Review Request: Higher Level Review via VA Form 20-0996 requesting additional transportation reimbursement expenses in the amount of $2,325.69. A December 2019 higher level review decision granted additional transportation expenses in excess of $149.10. Then in January 2020 appellant submitted a notice of disagreement via VA Form 10182. The appellant timely appealed this decision to the Board as to the issue of whether reimbursement of additional transportation expenses was warranted and requested evidence submission reviewed by a Veterans Law Judge. 38 C.F.R. § 19.2(d).

Entitlement to additional reimbursement for the cost of transportation expenses 

The appellant contends that he is entitled to additional reimbursement for transportation expenses relating to burying the Veteran in a national cemetery. The Board notes that the appellant was awarded $300 in nonservice-connected burial benefits and he is not appealing this amount, rather is only contesting the denial of reimbursement of additional transportation expenses. 

The Veteran died in November 2018. At the time of his death the Veteran was service-connected for bilateral hearing loss and tinnitus. The appellant does not contend, and the evidence of record does not demonstrate, that the Veteran’s death was related to his active service, or that his service-connected disability was the primary or contributory cause of death. See 38 C.F.R. §§ 3.1704; 3.1600. The Board’s analysis will focus on the regulations pertaining to nonservice-connected burial benefits, as service-connected burial benefits are not warranted. 

Nonservice-connected burial benefits are governed by the regulation at 38 C.F.R. § 3.1705. That regulation provides that a burial allowance is payable for a veteran who, on the date of his death: (1) was receiving VA pension or disability compensation; (2) would have been receiving disability compensation but for the receipt of military retired pay; or (3) had a pending claim for benefits, a claim to reopen a previously denied claim, or a claim involving substitution, any of which if processed to completion would result in a grant of benefits. Id. Burial allowance is also warranted for a veteran who died while hospitalized by VA or who died while traveling under proper prior authorization, and at VA expense, to or from a specified place for purpose of examination, treatment, or care. 38 C.F.R. § 3.1706 (2019).

VA will reimburse the costs of transportation of a veteran’s remains for burial in a national cemetery when certain other eligibility requirements are met. 38 C.F.R. § 3.1709. The basic criteria for a transportation allowance have been met as nonservice-connected burial benefits were awarded and the Veteran’s remains are interred at a national cemetery. See 38 C.F.R. § 3.1709 (b).

The relevant portion of 38 C.F.R. § 3.1709 provides: (c) Amount payable. The amount payable under this section will not exceed the cost of transporting the remains to the national cemetery closest to the veteran’s last place of residence in which burial space is available and is subject to the limitations set forth in paragraph (d) of this section. (d) Reimbursable transportation expenses: (1) VA will reimburse reasonable transportation expenses, including but not limited to the costs of shipment via common carrier (i.e., procuring permits for shipment, a shipping case, sealing of the shipping case, and applicable Federal taxes) and costs of transporting the remains to the place of burial. (2) A reasonable transportation expense is an expense that is usual and customary in the context of burial transportation, with a corresponding charge that is the usual and customary charge made to the general public for the same or similar services.

The Veteran died on November [REDACTED], 2018. His certificate of death notes he died at [REDACTED] Health and Rehabilitation Center. The Veteran’s cause of death was cardiopulmonary arrest, respiratory failure, failure to thrive, dementia and pneumonia. The Veteran’s body was transferred to Wells Funeral Homes and Cremation Services. Then the Veteran was subsequently transported to the Florida National Cemetery in Bushnell, Florida where he was buried.

The Veteran’s son submitted an Application for Burial Benefits in December 2018 via VA Form 21P-530. The appellant requested reimbursement for transportation expenses incurred for transportation of the Veteran’s remains in the amount of $2,315.69. In a May 2019 administrative decision, the AOJ granted the appellant reimbursement in the amount of $300 for his claim for burial benefits, as such was the maximum amount allowed for a Veteran whose death was not related to military service. The AOJ also granted $149.10 for transportation reimbursement from the place of the Veteran’s death to the funeral home and to the place of burial. Then in November 2019 appellant submitted a Decision Review Request: Higher Level Review seeking additional transportation reimbursement in the amount of $2,325.69. In a December 2019 higher level review decision the AOJ granted reimbursement of additional transportation expenses in the amount of $135.90. December 2019 correspondence to appellant noted that based on the distance from the Veteran’s place of death [REDACTED] Health and Rehabilitation Center to Wells Funeral Home and Cremation Services was 5 miles then the distance from Wells Funeral Home to [REDACTED] National Cemetery would be 90 miles. Correspondence in May 2019 from Wells Funeral Home and Cremation Services notes they charge $3 per mile for the transportation of remains. Thus the distance of 95 miles was multiped by $3.00 per mile resulting in $285 of reimbursement for transportation expenses. The appellant was already reimbursed in the amount of $149.10 and thus was granted an additional $135.90 for the reimbursement of transportation expenses. Appellant submitted a notice of disagreement via VA Form 10182 Decision Review Request seeking evidence submission reviewed by a Veterans Law Judge in January 2020. 

The appellant contends that additional compensation is warranted for burial expenses specifically relating to transportation. The appellant provided documentation from the funeral home noting expenses for transportation to the airport in the amount of $295, forwarding remains to another funeral home in the amount of $1,315, and a Delta flight in the amount of $565. The appellant noted total transportation expenses in the amount of $2,325.69. An itemization of funeral services from Wells Funeral Home and Cremation Services has been associated with the claims file. The appellant notes that since he has already received $585 in reimbursement for transportation expenses, he is seeking an additional $1,740.69 in reimbursement. The appellant contends that he is entitled to additional transportation expenses as the Veteran was transported to Florida to be buried alongside his wife at the Florida National Cemetery. 

The Board finds that based on the evidence of record additional reimbursement for transportation expenses for burial in a national cemetery is not warranted. The Veteran was buried in a national cemetery, which is not in dispute. The issue before the Board is whether additional reimbursement is warranted for the transportation of the Veteran from North Carolina to the Florida National Cemetery where he was laid to rest, and where his wife had previously been buried. Under 38 C.F.R. § 3.1709(c), the amount payable shall not exceed the cost of transporting the remains to the national cemetery closest to the Veteran’s last place of residence in which burial space is available. Here, the Veteran’s last place of residence was at the [REDACTED] Health and Rehabilitation Center in Waynesville, North Carolina. The Veteran was then transferred to Wells Funeral Home and Cremation Services in Waynesville, North Carolina. The closest national cemetery to the Veteran’s last place of residence is the [REDACTED] National Cemetery in [REDACTED], Tennessee, which had burial space available. Which is 90 miles from his last place of residence, and the [REDACTED] Health and Rehabilitation Center is 5 miles from the Wells Funeral Home and Cremation Services. Thus reimbursable transportation expenses were warranted for transportation of 95 miles which at the rate of Wells Funeral Home and Cremation Services was a charge of $3 a mile for a total transportation reimbursement of $285. The appellant has received a reimbursement of $285 from the AOJ for transportation expenses. The Board notes that the appellant incurred expenses for transportation to the airport in the amount of $295, forwarding remains to another funeral home in the amount of $1,315, and a Delta flight in the amount of $565. However, reimbursement of such expenses is not warranted, because such does not meet the criteria for the transportation allowance, as reimbursement shall not exceed the cost of transporting the remains to the national cemetery closest to the Veteran’s last place of residence. The $285 reimbursement from the AOJ is the maximum reimbursement transportation expense allowable, as such is the cost of transporting the Veteran’s remains to [REDACTED] National Cemetery the national cemetery closest to his last place of residence, in which burial space was available. 

The Board has considered the appellant’s contentions that additional transportation expenses were incurred to transport the Veteran to Florida where he had previously resided to be buried with his wife, as such was his wish, and is sympathetic to this argument. However, the legal authority pertaining to burial benefits, including a transportation allowance, is prescribed by Congress and implemented via regulations enacted by VA and neither the agency of original jurisdiction nor the Board is free to disregard laws and regulations enacted for the administration of VA programs. See 38 U.S.C. § 7104 (c); 38 C.F.R. § 20.101 (a). In other words, the Board is bound by the governing legal authority, and is without authority to grant benefits on an equitable basis. As, on these facts, there is no legal basis to award burial benefits, the appellant’s claim must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

 

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Kardian, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.