﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 190731-30842
DATE: November 30, 2020

ORDER

Entitlement to Department of Veterans Affairs (VA), Veteran Employment Through Technology Education Courses (VET TEC) educational benefits is denied.

FINDING OF FACT

The Veteran exhausted his Chapter 33 (Post 9/11 GI Bill) educational benefits prior to the opening of the VET TEC program.

CONCLUSION OF LAW

The criteria for eligibility for VA VET TEC educational benefits have not been met. 38 U.S.C. § 3001 (note); Harry W. Colmery Veterans Educational Assistance Act of 2017, Pub. L. 115 - 48, §116 (enacted Aug. 16, 2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 2002 to May 2006.

In April 2019, the Department of Veterans Affairs announced the pilot program VET TEC, which stands for Veteran Employment Through Technology Education Courses. The program is for qualifying veterans who are currently eligible for VA education benefits. Originally promoted in conjunction with other aspects of the Forever GI Bill (Harry W. Colmery Veterans Educational Assistance Act), VET TEC offers veterans accelerated training and instruction in computer programming, computer software, media application, data processing, or information sciences. The program is designed to be a fast-track education experience designed to help veterans get into high-tech careers. If a veteran is eligible to get training via VET TEC, use of the program does not count against the veteran’s GI Bill entitlement. All participants must have at least one day of GI Bill (or other VA educational program) entitlement remaining in order to be approved for training. See Harry W. Colmery Veterans Educational Assistance Act of 2017, Pub. L. 115 - 48, §116.

The Veteran electronically submitted his application for the VET TEC program to VA on April 4, 2019. Later in April 2019 the VA regional office (RO) denied the Veteran’s claim. The RO noted that the Veteran had exhausted his Chapter 33 education benefits on February 21, 2019. It stated that since the Veteran did not have at least one day of entitlement remaining under any VA educational program the Veteran was not eligible for the VET TEC program. 

The Veteran does not dispute that his Chapter 33 education benefits were exhausted prior the April 4, 2019 submission of his application for the VET TEC program. Instead he asserts that he should be granted eligibility because he was unable to meet the eligibility requirements due to factors beyond his control. He reported that prior to hearing about the VET TEC program he had already started his last school semester in January 2019, which would exhaust his Chapter 33 benefits. When he found out about the VET TEC program it was too late to withdraw from his classes without unacceptable consequences. The Veteran reported that he had tried to apply for the VET TEC program prior to the last day of his Chapter 33 eligibility (February 21, 2019) but was unable to because VA did not start accepting applications for the program until April 2019. He indicated that the VET TEC program would have a real impact on his productivity and marketability, that the bad timing of events was unfair to him, and that VA should grant him eligibility because the events that were out of his control. 

As noted above, at the time of receipt of the Veteran’s claim for VET TEC benefits, he did not have any VA educational benefits remaining. As he had already exhausted his Chapter 33 benefits by that date, and he did not have remaining entitlement in any other VA educational program on that date, he is not eligible for the VET TEC program. Harry W. Colmery Veterans Educational Assistance Act of 2017, Pub. L. 115 - 48, §116(b).

The Board recognizes that the timing of events were unfortunate for the Veteran and that he was as proactive as he could be under the circumstances. The Board sympathizes with the Veteran but is unable to grant his claim as the Board must follow the applicable law and regulations when deciding a claim for VA benefits. There is no provision for benefits based on the Veteran’s arguments of fairness and equity. The Board is without authority to grant the appeal on an equitable basis and instead is constrained to follow the specific provisions of the law.

It is, however, pertinent to note that the Secretary of Veterans Affairs (Secretary) does have discretionary authority to grant equitable relief in certain circumstances. See 38 U.S.C. § 503(a); McCay v. Brown, 9 Vet. App. 183, 189 (1996). Although the Board may not act for the Secretary in the exercise of such authority, the appellant may petition the Secretary directly for consideration of equitable relief with respect to his claim. See 38 C.F.R. § 2.7. 

The Board is sympathetic to the Veteran and his particular circumstances, but it is bound by the law. As there is simply no provision of law under which the Board may grant the Veteran’s claim for VET TEC educational benefits, the appeal must be denied. See Sabonis v. Brown, 6 Vet. App. 426 (1994). 

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. E. Jones, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.