﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 190708-83456
DATE: November 30, 2020

ORDER

Entitlement to fees for past-due benefits awarded in a January 2019 rating decision, implementing a December 2018 Board of Veterans’ Appeals decision, is denied.

FINDINGS OF FACT

1. A January 2019 rating decision implemented a December 2018 Board decision, granting service connection for tinnitus, and assigned a 10 percent rating effective July 22, 2011.

2. The amount of past-due benefits, computed from the effective date of the award through the date of the decision, amounted to $0.00 and did not result in any additional monetary benefits or a retroactive amount payable to the Veteran.

3. As no past-due benefits were awarded to the Veteran, no attorney fees can be awarded.

CONCLUSION OF LAW

The criteria for payment of attorney fees for past-due benefits based on a January 2019 rating decision implementing the December 2018 Board decision (granting of service connection for tinnitus) have not been met. 38 U.S.C. § 5904; 38 C.F.R. § 14.636.

REASONS AND BASES FOR FINDING AND CONCLUSION

The original claimant is the Veteran, A.R. (initials used to protect privacy). The Appellant, A.W., is the Veteran’s former attorney who represented the Veteran in a claim for service connection for tinnitus, which was granted in a December 2018 Board decision and implemented in January 2019 rating decision.

The fee decision on appeal was issued in June 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In July 2019, the Board received a VA Form 10182 (Notice of Disagreement) (NOD)), selecting Direct Review by a Veterans Law Judge. A January 2020 Board letter notified the Veteran that his appeal had been placed on the Direct Review docket. The Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

It is noted that the issue of entitlement to past-due benefits on behalf of the Veteran related to the January 2019 rating decision (that implemented a December 2018 Board decision) was denied in a July 2020 Board decision. See BVA Decision (July 2020). In the July 2020 Board decision, A.R. and A.W. were notified that “The issue of entitlement to attorney fees is the subject of a separate decision under a different docket number, and that decision will be issued under separate cover.” Id. at 2.

Entitlement to fees related to past-due benefits awarded in a January 2019 rating decision.

The Appellant contends that he is entitled to fees from past-due benefits awarded in a January 2019 rating decision that implemented the December 2018 Board decision granting service connection for tinnitus. See VA Form 10182 Notice of Disagreement (July 2019).

The relevant legal authority provides that a claimant may have attorney or agent representation for the prosecution of claims for VA benefits. 38 U.S.C. § 5904(a).

Attorneys and agents may charge claimants or appellants for representation before VA provided: after an agency of original jurisdiction has issued a decision on a claim or claims, including any claim to reopen under 38 C.F.R. § 3.156 or for an increase in rate of a benefit; a notice of disagreement has been filed with respect to that decision on or after June 20, 2007; and the attorney or agent has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). See 38 C.F.R. § 14.636(c)(2)(i).

Fee agreements must be reasonable; those which do not exceed 20 percent of past-due benefits are presumed reasonable. See 38 C.F.R. § 14.636(e), (f).

When a claimant and an attorney or agent have entered into a fee agreement under which the total amount of the fee payable to the agent or attorney (i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim, and (ii) is contingent on whether the matter is resolved in a manner favorable to the claimant, the total fee payable to the attorney may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim. A claim shall be considered to have been resolved in a manner favorable to the claimant if all or any part of the relief sought is granted. 38 U.S.C. § 5904(d); 38 C.F.R. § 14.636(h)(1). The fees are payable to the attorney based on the amount of past-due benefits awarded regardless of the amount payable to the Veteran. See Rosinski v. Wilkie, 32 Vet. App. 264 (2020).

The term “past-due benefits” means a nonrecurring payment resulting from a benefit, or benefits, granted on appeal or awarded on the basis of a claim reopened after a denial by a VA agency of original jurisdiction or the Board or the lump sum payment that represents the total amount of recurring cash payments that accrued between the effective date of the award, as determined by applicable laws and regulations, and the date of the grant of the benefit by the agency of original jurisdiction, the Board, or an appellate court. 38 C.F.R. § 14.636(h)(1).

When the benefit granted on appeal, or as the result of the reopened claim, is service connection for a disability, the “past-due benefits” will be based on the initial disability rating assigned by the agency of original jurisdiction following the award of service connection. The sum will equal the payments accruing from the effective date of the award to the date of the initial disability rating decision. 38 C.F.R. § 14.636 (h)(1)(i).

The issue before the Board is whether the Appellant is entitled to fees as a result of past-due benefits awarded in a January 2019 rating decision, which implemented the December 2018 Board decision grating service connection for tinnitus. The January 2019 rating decision implemented the Board’s grant of service connection for tinnitus and assigned a 10 percent rating effective from July 22, 2011.

By way of history, on July 22, 2011, VA received from the Veteran a claim for service connection for tinnitus. See VA Form 21-526 (July 2011). A December 2011 rating decision denied the claim and the Veteran appealed that decision to the Board. See NOD (VA Form 214138) (January 2012). 

In August 2014, the Veteran and the Appellant executed and signed a fee agreement and Appointment of Individual as Claimant’s Representative, VA Form 21-22a. The agreement indicated that the Appellant was entitled to 20 percent of past-due benefits awarded to the Veteran by VA. Therefore, the Board finds that it satisfied the basic requirements of a fee agreement.

In August 2015, the AOJ issued a Statement of the Case (SOC). In response, the Veteran filed a substantive appeal in September 2015, noting the SOC referred to a psychological evaluation when deciding on a tinnitus claim. The attorney, on behalf of the Veteran, also asserted that the Veteran served in Vietnam and exposure was conceded by VA. See Form 9 (September 2015). 

In January 2016, the AOJ certified the claim to the Board for appellate consideration. In September 2017, the Veteran testified at a Board hearing on the claim of service connection for tinnitus. Thereafter, a December 2018 Board a decision granted the claim of entitlement to service connection for tinnitus. A January 2019 rating decision implemented the December 2018 Board decision, granting service connection for tinnitus, and assigned a 10 percent rating effective from July 22, 2011 (date of claim).

At the time of the grant for service connection for tinnitus, the Veteran was service connected for status post coronary artery bypass at 10 percent effective August 31, 2010 and posttraumatic stress disorder (PTSD) at 50 percent, effective July 22, 2011. See Rating Decision Codesheet (January 2019).

The originating agency issued as Summary of the Case (decision) to the Appellant in June 2019. In the June 2019 decision, the AOJ found fees were not warranted based on the January 2019 decision because no past-due benefits resulted from the award, from the effective date through the date of the decision ($0.00). Since no retroactive award was due to him, no fee was warranted. See Correspondence (June 2019).

A July 2020 Board decision denied the Veteran’s claim of entitlement to past-due benefits from the grant of service connection for tinnitus, as the assignment of a 10 percent rating, effective July 22, 2011, did not create any additional benefits. The Veteran’s combined disability rating remained the same.

The Board concludes that the criteria for an award of attorney fees as a result of past-due benefits associated with a January 2019 rating decision are not met. 38 U.S.C. § 5904; 38 C.F.R. § 14.636.

Collectively, the evidence shows no past-due benefits accrued from the effective date of the award to the date of the grant of benefit by the AOJ, July 22, 2011, to the January 30, 2019, rating decision. 38 C.F.R. § 14.636(h)(1). Without any past-due benefits accrued and awarded to the Veteran, attorney fees are not warranted. See Rosinski v. Wilkie, 32 Vet. App. 264 (2020). Therefore, the Appellant is not entitled to attorney fees associated with past-due benefits of the grant of service connection for tinnitus as there simply are none. 

The law is dispositive. See Sabonis v. Brown, 6 Vet. App. 426 (1994) (holding that, where the law is dispositive, the claim must be denied due to an absence of legal entitlement). Accordingly, the claim is denied as a matter of law. 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Pendleton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.