Citation Nr: AXXXXXXXX
Decision Date: 10/30/21 Archive Date: 10/30/21

DOCKET NO. 210331-187529
DATE: October 30, 2021

ORDER

Benefits under 38 U.S.C. § 1815 for a child born with covered birth defects are denied.

REMANDED

The issue of entitlement to benefits under 38 U.S.C. §§ 1805, 1821, and 1822 for a child born with spina bifida is remanded.

FINDING OF FACT

The appellant's mother is not a Veteran.

CONCLUSION OF LAW

The criteria for establishing benefits under the provisions of 38 U.S.C. § 1815 for a child whose mother is a Vietnam Veteran and who was born with covered birth defects have not been met. 38 U.S.C. §§ 1116A, 1811, 1812, 1815, 1821, 1822; 38 C.F.R. § 3.815.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the U.S. Air Force from June 1966 to April 1970. He served in Thailand.

The appellant is the Veteran's daughter.

The Board is required by law to review appeals in docket order unless "other sufficient causes" have been shown to advance a case on the docket. 38 U.S.C. § 7107. Here, given the special processing of spina bifida related appeals, the Board has considered the benefit to the appellant, the impact on other claimants that would result from advancing his case, and the impact on other claimants that would result if the case is not advanced, and has decided that advancement on the docket for the sole purpose of rendering this decision is fair and appropriate at this time. Specifically, expediting these appeals will "produce fair, efficient, timely, [and] effective review of appeals," and promote "fairness in adjudications among and between veterans" given the special docketing considerations related to spina bifida related appeals. See Ramsey v. Nicholson, 20 Vet. App. 16, 34 (2006); see also 38 U.S.C. § 7107(a)(2)(C), 38 C.F.R. § 20.900(c)(1).

The decision on appeal was issued in May 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In June 2020, the appellant submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim. In November 2020, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. On the March 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal, as well as any evidence submitted by the appellant or her representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Entitlement to benefits under 38 U.S.C. § 1815 for a child born with covered birth defects.

To qualify for a monthly allowance for birth defects other than spina bifida, the appellant must show that her mother is a Vietnam Veteran. 38 U.S.C. §§ 1812, 1815; 38 C.F.R. § 3.815. 

The term Vietnam Veteran means a person who performed active military service in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, without regard to the characterization of the person's service. Service in the Republic of Vietnam includes service in the waters offshore and service in other locations, if the conditions of service involved duty or visitation in the Republic of Vietnam. 38 C.F.R. § 3.814(c)(1). Service in the Republic of Vietnam also includes service within the 12 nautical mile territorial sea of Vietnam. 38 U.S.C. § 1116A; see also Procopio v. Wilkie, 913 F.3d 1371 (Fed. Cir. 2019) (en banc).

On her January 2020 application for benefits, the appellant stated that her mother is not a Vietnam Veteran. 

The appellant has not asserted that she is the child of a biological mother who is a Vietnam Veteran and, therefore, does not qualify for benefits for birth defects other than spina bifida. See 38 U.S.C. § 1815; 38 C.F.R. § 3.815. There is no legal basis on which to grant benefits. The law is dispositive of the issue on appeal, and the claim must be denied because of the absence of legal merit or entitlement under the law. See Sabonis v. Brown, 6 Vet. App. 426 (1994).

 

REASONS FOR REMAND

The issue of entitlement to benefits under 38 U.S.C. §§ 1805, 1821, and 1822 for a child born with spina bifida is remanded.

The matters are REMANDED for the following action:

1. BACKGROUND FOR THE RO ADJUDICATOR:

A June 2020 statement from the appellant's primary care provider states that the appellant was born with spina bifida. The RO committed a pre-decisional duty to assist error in that it failed to attempt to obtain records from this provider and it failed to determine whether the appellant has spina bifida other than spina bifida occulta. Therefore, remand is necessary.

2. Send a letter to the appellant requesting authorization to obtain:

*All treatment records from nurse practitioner A. Bushman.

*All treatment records from University Hospitals Concord, Ohio.

(CONTINUED ON NEXT PAGE)

3. If necessary, schedule the appellant for a VA examination to determine whether she has a form or manifestation of spina bifida other than spina bifida occulta.

 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. E. Miller, Counsel

The Board's action is binding only in this case. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.