﻿Citation Nr: AXXXXXXXX
Decision Date: 06/19/19 Archive Date: 06/19/19

DOCKET NO. 181214-1782
DATE: June 19, 2019

ORDER

Entitlement to service connection for erectile dysfunction, as secondary to prostatitis, is denied.

Entitlement to special monthly compensation based on loss of use of a creative organ is denied.

REMANDED

Entitlement to service connection for prostate cancer, as secondary to prostatitis, is remanded.

FINDINGS OF FACT

1. The preponderance of the evidence is against the establishment of a nexus between the Veteran’s erectile dysfunction and his service-connected disability of prostatitis. 

2. The Veteran has a loss of use of a creative organ, but it is not due to a service-connected disability. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for erectile dysfunction, as secondary to prostatitis, have not been met. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. §§ 3.303(a), §3.307, §3.309, 3.310 (2018).

2. The criteria for entitlement to special monthly compensation based on loss of use have not been met. 38 U.S.C. §§ 1114(k), 5107 (2012); 38 C.F.R. §§ 3.102, 3.350(a) (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty in the U.S. Navy from April 1979 to October 1996. The Veteran selected the higher-level review lane when he submitted the RAMP election form. Accordingly, the November 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form, which was July 9, 2018. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Despite selecting this appeal lane, evidence was submitted in December 2018 and thereafter, which was during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. See Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(w)(1), 131 Stat. 1105, 1114 (2017). The Veteran may file a Supplemental Claim and submit or identify this evidence. See § 2(i)(1), 131 Stat. at 1109. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

A Veteran is granted service connection where the evidence shows that an injury or disease that results in a current disability was incurred during service or was aggravated by service. 38 U.S.C. § 1131; 38 C.F.R. §3.303(a).

To be entitled to service connection, the evidence must support (1) a current disability; (2) an in-service injury or event; and (3) a nexus between the current disability and the in-service injury or event. 38 C.F.R. §3.303(a).

Service connection can also be granted for chronic disabilities, if the evidence establishes that it manifested to a compensable degree within one year after the Veteran was separated from service. 38 C.F.R. §3.307, §3.309. Service connection for chronic disabilities can be established through a showing of continuity of symptomatology since service, as an alternative to the nexus requirement. 38 C.F.R. §3.303(b). This option is limited to chronic disabilities listed in 38 C.F.R. §3.309(a).

Service connection may also be established on a secondary basis for a disability which is proximately due to or the result of a service connected disease or injury; or, for any increase in the severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progression of the nonservice-connected disease. 38 C.F.R. § 3.310 (a)-(b); Allen v. Brown, 7 Vet. App. 439 (1995). 

In order to prevail under a theory of secondary service connection, there must be: (1) evidence of a current disorder; (2) evidence of a service-connected disability; and, (3) medical nexus evidence establishing a connection between the service-connected disability and the current disorder. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

When a reasonable doubt arises regarding service origin, the degree of disability, or any other point, after careful consideration of all procurable and assembled data, such doubt will be resolved in favor of the claimant. Reasonable doubt is one which exists because of an approximate balance of positive and negative evidence which does not prove or disprove the claim satisfactorily. It is a substantial doubt and one within range of probability as distinguished from pure speculation or remote possibility. See 38 C.F.R. §3.102.

1. Entitlement to service connection for erectile dysfunction, as secondary to prostatitis.

The Veteran contends that his erectile dysfunction is due to his service-connected prostatitis. The AOJ found that the Veteran has a current diagnosis of erectile dysfunction, and that he is service-connected for prostatitis.

Regarding whether there is a nexus between the Veteran’s erectile dysfunction and his service-connected prostatitis, the October 2017 VA examiner opined that the Veteran’s erectile dysfunction is less likely than not caused by, related to, or aggravated by his prostatitis. The rationale provided for the etiology was that the Veteran had multiple risk factors for erectile dysfunction, which included natural aging, dyslipidemia, hypertension and the medication used to treat hypertension. The May 2018 VA examiner reiterated that the etiology of the Veteran’s erectile dysfunction was multi-factorial that included age and diabetes. 

After a thorough consideration of the evidence, the Board determines that the preponderance of the evidence is against the establishment of nexus between the Veteran’s erectile dysfunction and his prostatitis. The examiners have explained that the etiology of his erectile dysfunction includes other conditions, for which the Veteran is not currently service-connected. 

The Board acknowledges the medical article submitted in July 2018 regarding a study that concluded that patients with chronic prostatitis had a higher rate of erectile dysfunction reported for the general population. The authors of the study were not able to conclude causality. The Board gives more probative weight to the opinions of the VA examiners. The examiners opinion regarding etiology were very specific to the Veteran’s medical history, while this medical article discusses the possibility of the risk factor of prostatitis for erectile dysfunction. The examiner specified each of the Veteran’s own conditions that were risk factors for erectile dysfunction.

Although the Veteran did not assert that his erectile dysfunction incurred while in service, the Board still considered whether service connection is warranted on a direct basis. The evidence of the record does not establish service connection on a direct basis. The service treatment records were absent any complaints, diagnosis, or treatment regarding erectile dysfunction.

Moreover, service connection for erectile dysfunction is not warranted on a presumptive basis, as the evidence does not establish that the Veteran’s erectile dysfunction condition manifested within one year after service separation. 

The Board acknowledges the Veteran’s assertions that his erectile dysfunction is secondary to his service-connected prostatitis. Although lay persons are competent to provide opinions on some medical opinions, determining the etiology of erectile dysfunction falls outside the realm of common knowledge of a lay person. The Veteran has not demonstrated the medical expertise required for this matter. See Jandreau v. Nicholson, 492 F.3d 1372, 1376 (2007). 

In sum, the Board finds that the weight of the evidence is against a finding of service connection for erectile dysfunction, as secondary to prostatitis. The Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the claim, the doctrine is not applicable

2. Entitlement to special monthly compensation (SMC) based on loss of use of a creative organ.

VA provides SMC if a Veteran, as a result of a service-connected disability, has suffered the anatomical loss or loss of use of one or more creative organs. 38 U.S.C. § 1114 (k). Entitlement to SMC based on loss of use of a creative organ can also be granted based on erectile dysfunction. 38 C.F.R. § 3.350 (a)(1)(ii).

The Veteran contends that he is entitled to SMC based on the loss of use of a creative organ due his erectile dysfunction. In this matter, the Veteran’s claim for SMC must be denied, as service connection for erectile dysfunction has not been established. As service connection has not been awarded, and not warranted for erectile dysfunction, the Veteran’s claim for SMC based on loss of use of a creative organ is without legal merit and must be denied. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

REASONS FOR REMAND

1. Entitlement to service connection for prostate cancer, as secondary to prostatitis is remanded.

The Veteran asserts that his prostate cancer is caused by or related to his service-connected prostatitis. The May 2018 VA examiner opined that it was less likely that the conditions were related due to the conditions not being medically related, and no medical literature supporting a medical relationship between prostate cancer and prostatitis. The Veteran submitted a medical article in March 2018, stating there is an associated link between prostatitis and a higher risk of prostate cancer. It also stated that the same factors that contribute to prostatitis seem to contribute to prostate cancer. This medical literature was not addressed by the examiner in rendering the opinion. This is a pre-decisional duty to assist error. Thus, the Board finds that a remand is necessary in order to obtain an addendum opinion addressing the medical literature regarding an association between prostatitis and prostate cancer.

The matter is REMANDED for the following action:

1. Refer the Veteran's entire claims file to a medical professional of appropriate expertise to provide an addendum opinion (or, if the VA examiner determines that it is necessary, schedule the Veteran for a VA examination) to address the nature and cause of the Veteran’s prostate cancer. The claims file and a copy of this REMAND should be made available to the examiner for review.

(Continued on the next page)

 

Specifically, the examiner should address the medical literature regarding a medical link between prostatitis and prostate cancer. 

The basis for each opinion is to be fully explained with a complete discussion of the pertinent lay and medical evidence of record and sound medical principles, including the use of any medical literature or studies, which may reasonably explain the medical analysis in the study of this case.

 

DEBORAH W. SINGLETON

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. Middleton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.