﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/30/19

DOCKET NO. 190511-19003
DATE: October 31, 2019

ORDER

The appeal of the decision to recoup a lump sum separation payment in the amount of $35,591.27 from the Veteran’s VA disability compensation benefits is denied.

FINDINGS OF FACT

1. A December 2017 rating decision granted entitlement to service connection for PTSD, evaluated as 70 percent disabling; the grant was effective August 2, 2017. 

2. In December 2017, the Veteran was notified that his monthly compensation benefit payment would be withheld until the amount of separation pay the Veteran received was repaid. 

CONCLUSION OF LAW

The recoupment of the Veteran’s separation pay by withholding her VA disability compensation, in the amount of $35,591.27 was mandated by governing law, and was proper. 10 U.S.C. § 1174; 38 C.F.R. § 3.700. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from December 1981 to July 1994. He also served in the Army Reserve and National Guard. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law created a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The Veteran was notified of the recoupment by letter dated October 2018. The Veteran disagreed with the determination and, in January 2019, elected to have his claim adjudicated under VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework. The RAMP decision on appeal was issued in April 2019. The Veteran selected the Direct Review Board Option lane in May 2019. Accordingly, the Board will consider only the evidence of record at the time of the April 2019 rating decision. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

The Veteran seeks to recover money recouped by VA from his disability compensation payments. The recoupment of the Veteran’s separation pay from his VA disability compensation is required by law under 10 U.S.C. § 1174(h)(2). Subsection 1174(h)(2) provides that a member who has received separation pay under this section, or severance pay or readjustment pay under any other provision of law, based on service in the armed forces shall not be deprived, by reason of her receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which she is entitled under the laws administered by VA, but there shall be deducted from that disability compensation an amount equal to the total amount of separation pay, severance pay, and readjustment pay received.

Where entitlement to disability compensation was established on or after September 15, 1981, a veteran who has received separation pay may receive disability compensation for disability incurred in or aggravated by service prior to the date of receipt of separation pay subject to recoupment of the separation pay. 38 C.F.R.§ 3.700(a)(5). 

The Veteran was separated from active service in July 1994. Upon separation, the Veteran received a lump sum separation payment of $35,591.27. A December 2017 rating decision granted service connection for PTSD, evaluated as 70 percent disabling, effective August 2, 2017.

In the October 2018 notification letter, the Veteran was notified of the need to recoup the entire amount of separation pay. The recoupment of benefits was effective and applicable to payments received beginning September 2017.

An opinion of the VA General Counsel, VAOGCPREC 12-96, held that 10 U.S.C. § 1174(h)(2) requires that VA recoup from a veteran’s VA disability compensation the amount of non-disability separation pay received by the veteran under section 631 of Pub. L. No. 96-513. The recoupment of the full amount of disability separation pay, in the amount of $35,591.27 that the Veteran received when he was discharged from service in July 1994, by withholding in monthly allotments payments of disability compensation benefits, is required by law. 10 U.S.C. § 1174; 38 C.F.R. § 3.700(a).

The Veteran has submitted statements describing how the recoupment of benefits caused hardship in his life. The Board notes that withholding ended in November 2018.

The Board is sympathetic to the Veteran’s position. With the recoupment of his separation pay, he did not receive VA compensation for over a year, which the Board recognizes as a substantial loss of income. In addition, the Board recognizes that the law governing what money the Veteran may receive when he is eligible for both military pay and VA compensation is complex. However, the record establishes that the Veteran was paid $35,591.27 in separation pay in July 1994, and the law does not allow that the Veteran receive both separation pay and VA compensation. The law requires that the separation pay be recouped. 

The Board is bound by the applicable law and regulations and is without authority to grant benefits on an equitable basis. 38 U.S.C. §§ 503, 7104(c); see also OPM v. Richmond, 496 U.S. 414, 434 (1990). As such, the claim must be denied. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

 

 

T. MAINELLI

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Orie, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.