﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190531-37930
DATE: May 29, 2020

ORDER

Entitlement to nonservice-connected pension benefits is denied.

FINDING OF FACT

1. The Veteran served on active duty from September 1987 to February 1988. 

2. The Veteran is not shown to have had 90 days active service during a period of war.

CONCLUSION OF LAW

The criteria for basic eligibility for VA nonservice-connected pension benefits have not been met. 38 U.S.C. §§ 101, 1521 (2012); 38 C.F.R. §§ 3.2, 3.3, 3.6, 3.314 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed in law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). Pub. L. No. 115055 (to be codified ast amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017). This law creates a new framework for veterans dissatisfied with the VA’s decision on their claim to seek review. 

On May 17, 2019, the Veteran was notified that his claim for pension benefits was denied. On May 31, 2019, the Veteran disagreed with the decision and requested direct review by a Veterans Law Judge (no Board hearing and no submission of additional evidence). 

The question before the Board is whether the Veteran has established threshold eligibility for VA nonservice-connected pension benefits.

The law authorizes the payment of nonservice-connected disability pension to a Veteran of a war who has the requisite service and who is permanently and totally disabled. 38 U.S.C. §§ 1502, 1521. 

A veteran has met the necessary service requirements if he served in active military, naval, or air service under one of the following conditions: (1) for 90 days or more during a period of war; (2) during a period of war and was discharged or released from service for a service-connected disability; (3) for a period of 90 consecutive days or more and such period began or ended during a period of war; or (4) for an aggregate of 90 days or more in two or more separate periods of service during more than one period of war. 38 U.S.C. § 1521 (j); 38 C.F.R. § 3.3 (a).

The term “period of war” means the Mexican border period, World War I, World War II, the Korean conflict, the Vietnam era, the Persian Gulf War, and the period beginning on the date of any future declaration of war by the Congress. 38 U.S.C. § 1501 (4); see 38 C.F.R. § 3.2, (setting forth the beginning and ending dates of each war period beginning with the Indian wars). The term period of war in reference to pension entitlement under 38 U.S.C. §§ 1521, 1541, and 1542 means all of the war periods listed in 38 C.F.R. § 3.2 except the Indian Wars and the Spanish-American War. 38 C.F.R. §§ 3.2, 3.3(a)(3) and (b)(4)(i).

A review of the record reveals the Veteran was on active duty from September 1987 to February 1988. The Vietnam Era ended May 7, 1975, and the Persian Gulf War did not begin until August 2, 1990. Thus, his active service cannot be considered qualifying service toward the requisite 90-day threshold for purposes of determining eligibility for a non-service-connected pension. 38 U.S.C. § 101; 38 C.F.R. §§ 3.2, 3.6. 

As the Veteran did not have any qualifying wartime service, he does not meet the basic eligibility requirements for VA nonservice-connected pension benefits. In this case, the law is dispositive. Accordingly, his claim must be denied as a matter of law. Sabonis v. Brown, 6 Vet. App. 426 (1994).

 

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. L. Wallin, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.