﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 200226-68664
DATE: June 16, 2020

ORDER

Entitlement to an effective date earlier than December 27, 2019 for the grant of service connection for tinnitus is denied.

Entitlement to an initial rating in excess of 10 percent for tinnitus is denied.

FINDINGS OF FACT

1. VA received the Veteran’s intent to file a claim on December 27, 2019.

2. The Veteran submitted a formal claim for service connection for bilateral hearing loss that was received in January 2020.

3. The Veteran’s tinnitus is assigned a 10 percent rating, the maximum rating authorized under Diagnostic Code 6260.

CONCLUSIONS OF LAW

1. The criteria for the assignment of an effective date earlier than December 27, 2019, for the grant of service connection for tinnitus have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.155, 3.400.

2. The criteria for entitlement to an initial rating in excess of 10 percent for tinnitus have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.87, Diagnostic Code 6260.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1967 to May 1969. This matter comes before the Board of Veterans’ Appeals (Board) from a February 2020 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. In February 2020, the Veteran filed a timely notice of disagreement with the February 2020 rating decision and requested a direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Board notes that the Veteran did not specify whether he was appealing the evaluation for his service-connected tinnitus or the effective date of the award of service-connection. As such, the Board will liberally construe the appeal in favor of the Veteran to include both issues as identified in the order section above.

This appeal has been advanced on the Board’s docket pursuant to 38 U.S.C. § 7107(a)(2); 38 C.F.R. § 20.902(c).

1. Entitlement to an effective date earlier than December 27, 2019 for the grant of service connection for tinnitus

Except as otherwise provided, the effective date of an award based on an original claim or a claim reopened after final adjudication shall be fixed in accordance with the facts found but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110. The effective date of an award of compensation based on an original claim will be the date VA received the claim or the date entitlement arose. However, if the claim is received within one year of separation from service, the effective date may be the day following the date of discharge or release. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400.

As an initial matter, when the Veteran filed his original claim for service connection, he did not include the issue of tinnitus; however, in the February 2020 rating decision that is the subject of this appeal, the RO granted service connection for tinnitus.

Upon review of the record, the Board finds that an effective date earlier than December 27, 2019, for the award of service connection for tinnitus is not warranted. On December 27, 2019, VA received the Veteran’s intent to file a claim, and on January 6, 2020, the Veteran filed an original claim for service connection for bilateral hearing loss. There is no evidence of an earlier claim being filed, nor does the Veteran contend he filed an earlier claim. Accordingly, an effective date earlier than December 27, 2019 is not warranted.

2. Entitlement to an initial rating in excess of 10 percent for tinnitus

The Veteran is currently rated at 10 percent for his tinnitus, which is the maximum schedular rating permissible. See 38 C.F.R. § 4.87, Diagnostic Code 6260. A single evaluation is assigned for recurrent tinnitus whether the sound is perceived in one or both ears. See Smith v. Nicholson, 451 F.3d 1344 (2006). No higher disability rating is available under the Rating Schedule. Neither the Veteran nor his representative has provided an argument as to why a higher rating is warranted, nor has a basis for a higher rating been otherwise raised by the record. Accordingly, his claim for an increased rating must be denied as a matter of law. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

 

 

K. Marenna

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Lance, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.