﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190920-39420
DATE: August 31, 2020

ORDER

Entitlement to beneficiary travel payment for travel expenses incurred for July 2, 2019 medical appointment is denied.

FINDING OF FACT

The claim for beneficiary travel benefits was not received within 30 days after completion of the travel to July 2, 2019 medical appointment.

CONCLUSION OF LAW

The criteria for entitlement to beneficiary travel payment for travel expenses incurred for July 2, 2019 medical appointment have not been met. 38 U.S.C. § 111; 38 C.F.R. §§ 70.2, 70.10, 70.20.

REASONS AND BASES FOR FINDING AND CONCLUSION

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § § 20.900(c). 38 U.S.C. § 7101(a)(2).

The Veteran served on active duty from May 1962 to September 1966.

This case comes before the Board of Veterans’ Appeals (Board) on appeal from a September 2019 decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

In September 2019, the Agency of Original Jurisdiction (AOJ) denied the Veteran’s claim, to which the Veteran timely appealed under the modernized review system of the Appeals Modernization Act (AMA) (see 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § § 19.2(d)); directly to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the AOJ. The Board notes that under direct review, the Board may only consider the evidence of record as of the date of the applicable decision (September 2019); therefore, any additional evidence submitted after this time will not be considered in this decision. Upon review of the claims file, the Board notes that the Veteran nor his representative has submitted any additional evidence regarding this claim. 

Entitlement to beneficiary travel payment for travel expenses incurred for July 2, 2019 medical appointment.

The Veteran contends that he should be reimbursed for his travel expenses incurred on July 2, 2019 for a medical appointment.

Generally, VA beneficiary travel is a payment for travel expenses incurred in the United States to help Veterans and other persons obtain care or services from the Veterans Health Administration. 38 U.S.C. § 111; 38 C.F.R. § 70.10(a). Persons eligible for beneficiary travel payments include Veterans who travel to or from a VA facility or VA-authorized health care facility in connection for the following reasons or under the following circumstances: 1) treatment for a service-connected disability, regardless of the disability rating; or, 2) treatment for any disability, provided that the veteran has a service-connected disability rated at 30 percent or more; or, 3) a scheduled compensation and pension examination; or, 4) if the veteran receives pension under 38 U.S.C. § 1521; or, 5) if the veteran's annual income does not exceed the maximum annual rate of pension that the Veteran would receive under 38 U.S.C. § 1521; or, 6) if, under certain circumstances, the veteran is unable to defray the expenses of that travel. 38 U.S.C. § 111; 38 C.F.R. § 70.10 (a).

A claimant must apply for payment of beneficiary travel within 30 calendar days after completing the travel and such travel does not include a special mode of transportation. 38 C.F.R. § 70.20 (b). Claimants for beneficiary travel must submit the information required to the Chief of the Business Office or other designee at the VA medical facility responsible for the medical care or services being provided and for which travel is required. 38 C.F.R. § 70.21. The claimant may apply for beneficiary travel orally or in writing, but must provide VA the receipt for each expense other than mileage. 38 C.F.R. § 70.20(a). The date of the application for beneficiary travel is the postmark date, if mailed; or the date of submission if hand delivered, provided by electronic means, or provided orally. 38 C.F.R. § 70.20(g).

The Veteran filed a claim for reimbursement of the cost of his travel from his home to Optimum Pain and Regenerative Medicine in Harlingen, Texas for a bilateral lumbar procedure performed on July 2, 2019. A review of the evidence reflects that the Veteran was referred to this facility by Harlingen VA Clinic (VA facility), and has a service-connected disability rated at 30 percent or more; thus, the Veteran meets the criteria for eligibility of travel benefits under 38 C.F.R. § 70.10 (a). 

However so, the Veteran’s claim was originally denied due to untimeliness of filing for beneficiary travel benefits (not filed within 30 days after travel was completed). As such, this case turns on whether the veteran timely submitted his claim for travel reimbursement.

In this case, the Veteran completed the travel in question on July 2, 2019; and subsequently applied for beneficiary travel benefits that was received by VA on August 5, 2019 (see date stamp on VA Form 10182 Notice of Disagreement, August 2020), more than 30 days after travel was completed. Consequently, the Veteran’s claim was not timely, and the Board is not able to grant the requested beneficiary travel benefits.

The Board acknowledges the Veteran’s contention that he filed the travel benefits reimbursement request “5 or 6 days before the expiration date” and dropped the request at “the drop box” (see Id.); however, the file does not contain any corroborating evidence to support this contention, nor is the Board aware of what “drop box” the Veteran is referring to. Therefore, while the Board is sympathic to these contentions, the evidence is very clear that the application for beneficiary travel benefits was not received within 30 days of the Veteran’s travel. As the Veteran has not provided any additional probative evidence to the contrary, the Board must deny the Veteran’s claim due to untimeliness as a matter of law. 38 C.F.R. § 70.20(b); see also Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

Accordingly, entitlement to beneficiary travel payment for travel expenses incurred for July 2, 2019 medical appointment is not warranted; and the claim is denied. 

 

M. H. HAWLEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Hodges, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.