﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 190607-13029
DATE: October 30, 2020

ORDER

Entitlement to burial benefits is denied.

FINDING OF FACT

As of May 15, 2019, the appellant had not incurred expenses related to the funeral and burial of the Veteran.

CONCLUSION OF LAW

The criteria for service-connected burial benefits are not met. 38 U.S.C. §§ 2302, 2303; 38 C.F.R. §§ 3.1700-3.1713.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1959 to August 1966 and from March 1971 to April 1984. He died in November 2018. The appellant is his surviving spouse.

This case is before the Board of Veterans’ Appeals (Board) on appeal from a May 2019 Appeals Modernization Act (AMA) decision from the Agency of Original Jurisdiction (AOJ) that considered the evidence of record on that date. The appellant appealed the decision to the Board by filing a timely VA Form 10182 Decision Review Request: Board Appeal (Notice of Disagreement), requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the AOJ. AMA regulations state that the record closes the date of the AMA decision under the Direct Review Appeal Docket Lane. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301. In this case, that date is May 15, 2019. 

The Board notes that the appellant submitted evidence in support of her claim with her Direct Review Request. Specifically, she submitted an updated Application for Burial Benefits, indicating that she had incurred expenses for the Veteran’s funeral and burial. As the Board is deciding the claim of entitlement to burial benefits, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The appellant may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to burial benefits

It is noted, at the outset, that claims for a burial allowance may be advanced only by “[t]he individual whose personal funds were used to pay burial, funeral, and transportation expenses.” 38 C.F.R. § 3.1702(b)(3). 

Here, the appellant indicated that she had not yet incurred costs related to the Veteran’s funeral and burial expenses. See Undated Application for Burial Benefits, received by VA on January 23, 2019. In support of her claim, she provided a bill from the Bestattungen Nutz Funeral Home that totals €2,265.00 and bills from Stadt Hemau totalling €880.00. As of May 15, 2019, VA received no evidence that these bills had been paid by the appellant. Accordingly, the claim must be denied. 

The Board is sympathetic to the appellant and acknowledges that the Veteran had honorable service. However, the legal authority pertaining to burial benefits is prescribed by Congress and implemented via regulations enacted by VA, and neither the agency of original jurisdiction nor the Board is free to disregard laws and regulations enacted for the administration of VA programs. See 38 U.S.C. § 7104(c); 38 C.F.R. § 20.101(a). In other words, the Board is bound by the governing legal authority, and is without authority to grant benefits on an equitable basis. As, on these facts, there is no legal basis to award burial benefits, the appellant’s claim must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

 

 

P.M. DILORENZO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. M. Stedman, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.