﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 191202-46870
DATE: November 30, 2020

ORDER

Entitlement to Parents' Death and Indemnity Compensation (DIC) benefits is denied.

Entitlement to burial benefits is denied.

FINDINGS OF FACT

1. At the time of the Veteran’s death, he was in receipt of compensation for a service-connected disability, hypertension, rated as 10 percent disabling; the Veteran did not die from a service-connected disability.

2. The appellant is the Veteran’s mother.

3. The Veteran was buried March 07, 2012.

4. The appellant’s application for burial benefits was filed November 2018.

CONCLUSIONS OF LAW

1. The criteria for entitlement to Parents’ DIC benefits have not been met. 38 U.S.C. §§ 1310, 1315, 1318; 38 C.F.R. § 3.5.

2. The criteria for entitlement to burial benefits have not been met. 38 U.S.C. §§ 2302, 2303; 38 C.F.R. §§ 3.1700-3.1713.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 2002 to June 2006. He died in February 2012. The appellant is his mother.

This Department of Veterans Affairs (VA) Regional Office (RO) denied the appellant’s claims in two separate May 2019 decisions. In a May 28, 2019 decision (which appears to be mis-dated in March 28, 2019), the RO denied entitlement to DIC benefits. In a May 29, 2019 decision, the RO denied entitlement to burial benefits. In September 2019, the appellant requested a higher level review of the previously denied DIC claim. An October 2019 rating decision is the result of that higher level review.

In December 2019, the appellant initiated an appeal to the VA Board of Veteran’s Appeals (Board) as to DIC and burial benefits claims under the AMA by filing a timely VA Form 10182 Decision Review Request: Board Appeal (Notice of Disagreement), requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the AOJ. AMA regulations state that the record closes the date of the AMA decision under the Direct Review Appeal Docket Lane. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

The Board acknowledges that additional, albeit duplicative, evidence was added to the record. This was during a period of time when new evidence was not allowed under the Direct Review option; therefore, the Board may not consider this evidence in the current decision. 38 C.F.R. § 20.300.

In November 2018, the appellant submitted a claim for survivors’ pension benefits and listed that issue on the VA Form 10182 submitted in December 2019. However, the AOJ did not adjudicate the issue of survivors’ pension benefits in its May 28, 2019 or May 29, 2019 decision. Therefore, the Board cannot adjudicate that issue. The appellant may resubmit the claim to the AOJ or notify the AOJ that the issue is still pending.

1. Entitlement to Parents' DIC benefits

DIC benefits may be awarded to a surviving spouse, child, or parent of a veteran who dies from a service-connected or compensable disability. 38 U.S.C. § 1310; 38 C.F.R. § 3.5(a). DIC is available to a surviving parent, subject to income limitations detailed in 38 U.S.C. § 1315, if the Veteran’s death is service connected. See 38 U.S.C. § 1310. 

The Veteran died in February 2012 due to a gunshot wound to the trunk. See February 2012 Certificate of Death. A newspaper article reported that the Veteran was murdered. See February 2012 Philippine Daily Inquirer Article. At the time of his death he was in receipt of VA disability compensation benefits for service-connected hypertension, evaluated as 10 percent disabling. The appellant does not assert, not does any evidence suggest, that the Veteran died of a service connected disability. 

In sum, the Veteran did not die from a service-connected disability or compensable disability. Accordingly, the Board concludes that entitlement to DIC is not warranted as a matter of law. 38 U.S.C. §§ 1310, 1315; 38 C.F.R. § 3.5. See Sabonis v. Brown, 6 Vet. App. 426 (1994).

In so concluding, the Board in no way intends to minimize the Veteran’s honorable service, or the appellant’s sincerity in pursuing her claim. However, the Board is obligated to decide cases based on the evidence before it and the applicable law, and is without authority to grant benefits on an equitable basis. See Harvey v. Brown, 6 Vet. App. 416, 425 (1994).

2. Entitlement to burial benefits

The appellant asserts entitlement to burial benefits to recoup the costs of the Veteran’s funeral and burial. 

As stated above, the Veteran’s death was not service connected. Hence, the Board will consider the claim on appeal as one for nonservice-connected burial benefits. Where a veteran’s death is not service connected, a burial allowance to cover the burial and funeral expenses, as well as the expense of transporting the body to the place of burial may be payable, but only under certain circumstances. 38 U.S.C. § 2302(a); 38 C.F.R. § 3.1705.

An application for nonservice-connected burial and funeral expenses must be filed within two years after the burial or cremation of the veteran’s body. 38 U.S.C. § 2304; 38 C.F.R. § 3.1703(a). Here, the application for burial benefits was not filed within two years of the Veteran’s burial, as he was buried in March 2012 and the claim was filed in November 2018. See November 2018 Application for Burial Benefits. Thus, it was not timely filed and the criteria for entitlement to burial benefits have not been met.

(Continued on the next page)

 

The Board is sympathetic to the fact that the appellant incurred costs related to the Veteran’s funeral and burial, and acknowledges that the Veteran had honorable service. However, the legal authority pertaining to burial benefits is prescribed by Congress and implemented via regulations enacted by VA, and neither the agency of original jurisdiction nor the Board is free to disregard laws and regulations enacted for the administration of VA programs. See 38 U.S.C. § 7104(c); 38 C.F.R. § 20.101(a). In other words, the Board is bound by the governing legal authority, and is without authority to grant benefits on an equitable basis. As, on these facts, there is no legal basis to award burial benefits, the appellant’s claim must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

 

 

P.M. DILORENZO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. M. Stedman, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.