Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210610-165383
DATE: October 29, 2021

ORDER

Entitlement to service connection for hypertension is dismissed.

Entitlement to service connection for essential tremors is dismissed.

Entitlement to service connection for a cervical spine disability is dismissed.

FINDINGS OF FACT

1. A December 2020 Board of Veterans' Appeals (Board) decision granted service connection for hypertension; denied service connection for essential tremors and denied service connection for a cervical spine disability. 

2. The Veteran did not timely file a notice of appeal (NOA) to the United States Court of Appeals for Veterans Claims (Court), has not filed a motion with the Board requesting reconsideration or vacatur of the December 2020 Board decision, and has not filed a motion alleging clear and unmistakable error (CUE) in the Board's December 2020 decision.

3. In June 2021, the Veteran submitted VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement (NOD)), indicating disagreement with the December 2020 decision.

4. There is no case or controversy within the Board's jurisdiction regarding the issues of entitlement to service connection for hypertension, essential tremors, or cervical spine disability. 

CONCLUSION OF LAW

The December 2020 Board decision that granted entitlement to service connection for hypertension and denied entitlement to service connection for essential tremors and a cervical spine disability has not been appealed, the matters are res judicata, and the Board has no jurisdiction to further consider an appeal on these matters. 38 U.S.C. §§ 7104, 7105; 38 U.S.C. §§ 3.151, 3.155, 20.104, 20.204, 20.110.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 1966 to June 1969. 

In a December 2020 decision, the Board granted entitlement to service connection for hypertension and denied entitlement to service connection for essential tremors and a cervical spine disability. The decision was accompanied with appropriate appellate rights, including notice that the Veteran had 120 days from the date of the decision to file a NOA with the Court. The Veteran did not file an NOA, a motion with the Board requesting reconsideration or vacatur of the December 2020 Board decision, or a motion alleging CUE in the Board's December 2020 decision. Accordingly, the Board's December 2020 decision is final. 38 U.S.C. § 7104; 38 C.F.R. § 20.1100.

In June 2021, the Veteran filed two separate VA Forms 10182 Decision Review Request: Board Appeal (NOD), indicating disagreement with the December 2020 decision. 

The proper method to challenge these issues was to appeal the Board's December 2020 decision to the Court, file a timely motion to the Board for reconsideration or vacatur, or allege that the December 2020 Board decision contained a CUE. The claimant has not undertaken any of these options to challenge the December 2020 Board decision.

Given the procedural history of this case, there is no legal basis for the Board to again adjudicate these issues. The Board has no alternative but to dismiss the appeal in this matter. See Sabonis v. Brown, 6 Vet. App. 426 (1994).

 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Hemphill

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.